# EXHIBIT 11

tions List equipment in a foreign country without prior Department of State approval provided:

(a) The arrangement calls for delivery of equipment only for use of the person in the United States or an agency of the U.S. Department of Defense;

(b) The technical data of U.S. origin to be used in the foreign manufacture is unclassified, and has been licensed for export by the Department of State or is subject to one of the exemptions in §§ 125.10, 125.11, or 125.12 of this subchapter;

(c) The foreign manufacture is pursuant to a contract or purchase order between a person in the United States and a foreign person for delivery of equipment only to the person in the United States or to an agency of the U.S. Government anywhere in the world;

(d) The contract or purchase order between a person in the United States and a foreign person:

(1) Limits the use of the technical data to that required by the contract or purchase order;

(2) Prohibits the disclosure of the data to any other person except duly qualified subcontractors for the equipment within the same country;

(3) Prohibits the acquisition of any rights in the data by any foreign person without the approval of the Deparment of State; and

(4) Provides that any subcontracts between foreign persons in the approved country for manufacture of equipment for delivery pursuant to the contract or purchase order contain all the limitations of this paragraph (d); and

(e) The person in the United States provides the Office of Munitions Control, Department of State, with a copy of each subcontract (or Purchase Order) for offshore procurement at the time it is accepted by both persons. Each such subcontract or purchase order must clearly identify the article to be produced.

[Dept. Reg. 108.646, 36 FR 20941, Nov. 2, 1971]

## PART 125—UNCLASSIFIED TECHNICAL DATA AND CLASSIFIED INFORMATION (DATA AND EQUIPMENT)

Sec.
125.01 Technical Data.
125.02 Classified information.
125.03 Export of technical data.
125.04 Export of unclassified technical data.
125.05 Export of classified information (data and equipment).

EXEMPTIONS

125.10 Shipments by U.S. Government agencies.
125.11 General exemptions.
125.12 Canadian shipments.
125.13 Data on nuclear materials.

PROCEDURES

125.20 Export of unclassified technical data.
125.21 Export of classified information (data and equipment).
125.22 Certification requirements.
125.23 Filing of licenses for export of unclassified technical data.
125.24 Filing of licenses for export of classified information (data and equipment).

AUTHORITY: Sec. 414, as amended, 68 Stat. 848; 22 U.S.C. 1934; secs. 101 and 105, E.O. 10973, 26 FR 10409; sec. 6, Departmental Delegation of Authority No. 104, 26 FR 10608, as amended, 27 FR 9925, 28 FR 7231; and Redelegation of Authority No. 104-3-A, 28 FR 7231.

SOURCE: Dept. Reg. 108.605, 34 FR 12037, July 17, 1969, unless otherwise noted.

NOTE: Export licenses for technical data may be denied, revoked, suspended, or amended by the Department of State. (See § 123.05 of this subchapter.)

§ 125.01 Technical data.

As used in this subchapter the term "technical data" means: (a) Any unclassified information that can be used, or be adapted for use, in the design, production, manufacture, repair, overhaul, processing, engineering, development, operation, maintenance, or reconstruction of arms, ammunition, and implements of war on the U.S. Munitions List; or (b) any technology which advances the state-of-the-art or establishes a new art in an area of significant military applica-

bility in the United States;[1] or (c) classified information as defined in § 125.02.

[Dept. Reg. 108.629, 35 FR 19016, Dec. 16, 1970]

§ 125.02  Classified information.

As used in this subchapter, the term "classified information" is either (a) equipment, or (b) information (relating to any arms, ammunition, and implements of war on the U.S. Munitions List) which has been assigned a U.S. security classification as requiring protection in the interest of national defense. (Patent applications covered by a secrecy order fall in the same category as classified information. See § 125.05 (d).) See §§ 125.10 and 125.11 for exemptions.

§ 125.03  Export of technical data.

The export controls of this subchapter over technical data (a) apply to the export of unclassified technical data relating to arms, ammunition, and implements of war on the U.S. Munitions List, and (b) classified equipment and classified information relating to arms, ammunition, and implements of war on the U.S. Munitions List as defined in § 125.02. These controls shall apply whenever the information is to be exported by oral, visual, or documentary means. Therefore, an export occurs whenever technical data is inter alia, mailed or shipped outside the United States, carried by hand outside the United States, disclosed through visits abroad by American citizens (including participation in briefings and symposia), and disclosed to foreign nationals[2] in the United States (including plant visits and participation in briefings and symposia). A license to export technical data shall not be used for foreign production purposes, or for technical assistance in such production, without the specific approval of the Department of State.

§ 125.04  Export of unclassified technical data.

(a) *General.* A license issued by the Department of State shall be required for the export of unclassified technical data (as defined in § 125.01 (a) and (b)) unless otherwise expressly exempted in this subchapter (see §§ 125.10 and 125.11).

Unclassified information that does not meet the definition of technical data or can meet the test of an exemption in §§ 125.10 and 125.11 (see especially § 125.11(a)(2)) shall not be the subject of license applications.

(b) *Patents.* A license issued by the Department of State shall be required for the export of unclassified technical data relating to arms, ammunition, and implements of war which exceed the data used to support a domestic or foreign filing of a patent application. The export of technical data supporting the filing and prosecution of patent applications in foreign countries is subject to regulations issued by the U.S. Patent Office under 35 U.S.C. 184.

(c) *Visits.* A license issued by the Department of State shall be required for the export of unclassified technical data relating to arms, ammunition, and implements of war on the U.S. Munitions List which are to be disclosed to foreign nationals either in connection with visits to foreign countries, including foreign diplomatic missions and consular offices in the United States and abroad, by U.S. persons, or in connection with visits to the United States by foreign nationals, unless otherwise expressly exempted in this subchapter (see § 125.11).

[Dept. Reg. 108.605, 34 FR 12037, July 17, 1969, as amended at Dept. Reg. 108.615, 35 FR 3030, Feb. 14, 1970; Dept. Reg. 108.629, 35 FR 19016, Dec. 16, 1970]

---

[1] The initial burden of determining whether the technology in question advances the state-of-the-art or establishes a new art is upon the U.S. party or applicant in consultation with the cognizant agency of the U.S. armed forces.

[2] The term "foreign nationals" as used in this subchapter means "All persons not citizens of, not nationals of, nor immigrant aliens to, the United States" as defined in the Department of Defense Industrial Security Manual. However, certain other foreign persons may be cleared to have access to technical data. See section 3 of the Industrial Security Manual.

§ 125.05 Export of classified information (data and equipment).

(a) Any request for authority to export classified information (data or equipment) by other than the cognizant department or agency of the U.S. Government shall be submitted to the Department of State for approval. (See §§ 125.10 and 125.11 for exemptions.) The application shall set forth all pertinent information with full details of the proposed transaction. (See § 125.21 for procedure.)

(b) Classified information, as defined in § 125.02, which is approved by the Department of State for export shall be transferred or communicated only in accordance with the requirements of the Department of Defens Industrial Security Manual relating to the transmission of classified information (and any other requirements imposed by cognizant U.S. departments and agencies).

(c) The approval of the Department of State shall be obtained for the export of classified information to be disclosed to foreign nationals either in connection with visits to foreign countries by U.S. persons, or in connection with visits to the United States by foreign nationals, unless the proposed export is expressly exempt under the provisions of this subchapter (see § 125.11). There shall be no release of classified information in any manner or form to any foreign national except as otherwise expressly provided in this subchapter.

(d) All communications relating to a patent application covered by a secrecy order shall be addressed to the U.S. Patent Office. (See 37 CFR 5.11.)

[Dept. Reg. 108.605, 35 FR 12037, July 17, 1969, as amended by Dept. Reg. 108.615, 35 FR 3030, Feb. 14, 1970]

EXEMPTIONS

§ 125.10 Shipments by U.S. Government agencies.

Exports of technical data by U.S. Government agencies are exempt in accordance with Part 126 of this subchapter. This exemption, however, shall not apply when a U.S. Government agency, on behalf of a private individual or firm, acts as a transmittal agent either as a convenience or in satisfaction of security requirements.

§ 125.11 General exemptions.

(a) Except as provided in § 126.01, district directors of customs and postal authorities are authorized to permit the export without a license of unclassified technical data as follows:

(1) If it is in published[3] form and subject to public dissemination by being:

(i) Sold at newstands and bookstores;

(ii) Available by subscription or purchase without restrictions to any person or available without cost to any person;

(iii) Granted second class mailing privileges by the U.S. Government; or,

(iv) Freely available at public libraries.

(2) If it has been approved for public release by any U.S. Government department or agency having authority to classify information or material under Executive Order 11652, as amended, and other applicable Executive Orders, and does not disclose the details of design, production, or manufacture of any arms, ammunition, or implements of war on the U.S. Munitions List.

(3) If the export is in furtherance of a manufacturing license or technical assistance agreement approved by the Department of State in accordance with Part 124 of this subchapter.

(4) If the export is in furtherance of a contract with an agency of the U.S. Government or a contract between an agency of the U.S. Government and foreign persons, provided the contract calls for the export of relevant unclassified technical data, and such data are being exported only by the prime contractor. Such data shall not disclose the details of development, engineering, design, production, or manufacture of any arms, ammunition or implements of war on the U.S. Munitions List. (This exemption does not

---

[3] The burden for obtaining appropriate U.S. Government approval for the publication of technical data falling within the definition in § 125.01, including such data as may be developed under other than U.S. Government contract, is on the person or company seeking publication.

375

App. 200

permit the prime contractor to enter into subsidiary technical assistance or manufacturing license agreements, or any arrangement which calls for the exportation of technical data without compliance with Part 124 of this subchapter).

(5) If it relates to firearms not in excess of caliber .50 and ammunition for such weapons, except technical data containing advanced designs, processes, and manufacturing techniques.

(6) If it consists of technical data, other than design, development, or production information relating to equipment, the export of which has been previously authorized to the same recipient.

(7) If it consists of operations, maintenance, and training manuals, and aids relating to equipment, the export of which has been authorized to the same recipient.[4]

(8) If it consists of additional copies of technical data previously approved for export to the same recipient; or if it consists of revised copies of technical data, provided it pertains to the identical Munitions List article, and the revisions are solely editorial and do not add to the content of technology previously approved for export to the same recipient.

(9) If it consists solely of technical data being reexported to the original source of import.

(10) If the export is by the prime contractor in direct support and within the technical and/or product limitations of a "U.S. Government approved project" and the prime contractor so certifies. The Office of Munitions Control, Department of State, will verify, upon request, those projects which are "U.S. Government approved", and accord an exemption to the applicant who applies for such verification and exemption, where appropriate, under this subparagraph.[5]

(11) If the export is solely for the use of American citizen employees of U.S. firms provided the U.S. firm certifies its overseas employee is a U.S. citizen and has a "need to know."[6]

(12) If the export is directly related to classified information, the export of which has been previously authorized to the same recipient, and does not disclose the details of design, production, or manufacture of any arms, ammunition, or implements of war on the U.S. Munitions List.

(b) *Plant visits.* Except as restricted by the provisions of § 126.01 of this subchapter:

(1) No license shall be required for the oral and visual disclosure of unclassified technical data during the course of a plant visit by foreign nationals provided the data is disclosed in connection with a classified plant visit or the visit has the approval of a U.S. Government agency having authority for the classification of information or material under Executive Order 11652, as amended, and other applicable Executive Orders and the requirements of Section V, paragraph 40(d) of the Industrial Security Manual are met.

(2) No license shall be required for the documentary disclosure of unclassified technical data during the course of a plant visit by foreign nationals provided the document does not contain technical data as defined in § 125.01 in excess of that released orally or visually during the visit, is within the terms of the approved visit request, and the person in the United States assures that the technical data

---

[4] Not applicable to technical data relating to Category VI(e) and Category XVI.

[5] Classified information may also be transmitted in direct support of and within the technical and/or product limitations of such verified "U.S. Government approved projects" without prior Department of State approval provided the U.S. party so certifies and complies with the requirements of the Department of Defense Industrial Security Manual relating to the transmission of such classified information (and any other requirements of cognizant U.S. Government departments or agencies).

[6] Classified information may also be exported to such certified American citizen employees without prior Department of State approval provided the U.S. party complies with the requirements of the Department of Defense Industrial Security Manual relating to the transmission of such classified information (and any other requirements of cognizant U.S. Government departments or agencies). Such technical data or information (classified or unclassified) shall not be released by oral, visual, or documentary means to any foreign person.

will not be used, adapted for use, or disclosed to others for the purpose of manufacture or production without the prior approval of the Department of State in accordance with Part 124 of this subchapter.

(3) No department of State approval is required for the disclosure of oral and visual classified information during the course of a plant visit by foreign nationals provided the visit has been approved by the cognizant U.S. Defense agency and the requirements of section V, paragraph 40(d) of the Defense Industrial Security Manual are met.

[Dept. Reg. 108.605, 35 FR 12037, July 17, 1969, as amended by Dept. Reg. 108.630, 35 FR 19995, Dec. 31, 1970; Dept. Reg. 108.646, 36 FR 20941, Nov. 2, 1971; Dept. Reg. 108.649, 36 FR 22741, Nov. 30, 1971; Dept. Reg. 108.668, 37 FR 14694, July 22, 1972]

§ 125.12  Canadian shipments.

District directors of customs and postal authorities are authorized to permit the export of unclassified technical data to Canada without an export license, except when such technical data relate to the following:

(a) Nuclear weapons strategic delivery systems and all specifically designed components, parts, accessories, attachments, and associated equipment therefor;

(b) Nuclear weapons design and test equipment defined in Category XVI;

(c) Naval nuclear propulsion equipment as defined in Category VI(e);

(d) Aircraft as defined in Category VIII(a); and

(e) Submersible and oceanographic vessels and related articles as defined in Category XX (a) through (d).

(This exemption does not authorize the foreign manufacture of any arms, ammunition, or implements of war on the U.S. Munitions List. See Part 124 of this subchapter.)

[Dept. Reg. 108.630, 35 FR 19995, Dec. 31, 1970, as amended by Dept. Reg. 108.646, 36 FR 20941, Nov. 2, 1971]

§ 125.13  Data on nuclear materials.

To the extent that technical data, the export of which are controlled by the Atomic Energy Commission under the Atomic Energy Act of 1954, as amended, are coextensive with technical data related to articles in Category VI(e), Category XVI, and Category XVIII, the provisions of this subchapter shall not apply.

PROCEDURES

§ 125.20  Export of unclassified technical data.

(a) *General and visits.* Unless exempted in § 125.10 or § 125.11 of this subchapter, applications for the export or the disclosure of nonexempt unclassified technical data to foreign persons shall be made (by persons in the United States only) to the Department of State on Form DSP-5, accompanied by five copies of the data. In the case of visits, sufficient details of the proposed discussions shall be transmitted in quintuplicate for an adequate appraisal of the data in question.

(b) *Patents.* All requests for filing patent applications in a foreign country, and requests for filing amendments, modifications or supplements thereto, shall be directed to the U.S. Patent Office in accordance with 37 CFR Part 5. If the applicant complies with the regulations of the Patent Office, no approval of the Department of State is required unless the applicant seeks to export technical data exceeding that used to support a patent application in a foreign country. In such case an application shall be required to be submitted on form DSP-5 in accordance with the provisions of paragraph (a) of this section.

[Dept. Reg. 108.615, 35 FR 3030, Feb. 14, 1970, and Dept. Reg. 108.646, 36 FR 20941, Nov. 2, 1971]

§ 125.21  Export of classified information (data and equipment).

Unless exempted in § 125.10 or § 125.11, applications (from U.S. citizens only) for approval to export or disclose classified information (data or equipment) to foreign persons shall be submitted to the Department of State on form DSP-85. When the application is for export of classified technical data only it shall be accompanied by five copies of the data to permit an evaluation of whether an export li-

cense may be issued. When the application is for export of classified equipment it shall be accompanied by five copies of suitable descriptive information to permit an evaluation of whether an export license may be issued, and form DSP-83 in the case of significant combat equipment (see footnote 3 to § 123.10 (d) of this subchapter). All classified materials accompanying an application shall be treated as required by the Defense Industrial Security Manual, section I, paragraph 5.

[Dept. Reg. 108.646, 36 FR 20942, Nov. 2, 1971]

§ 125.22  Certification requirements.

An exporter in the United States claiming any exemption for the export of technical data in accordance with the provisions of § 125.11, may do so by certifying that the proposed export is covered by the relevant paragraph(s) of that section. Such certification shall be made by marking the package or letter "22 CFR 125.11 * * * applicable," identifying the specific paragraph(s) under which the exemption is claimed.

§ 125.23  Filing of licenses for export of unclassified technical data.

DSP-5 licenses authorizing the export of unclassified technical data shall be presented to, and filed with the appropriate district director of customs or postmaster at the time of shipment or mailing. The district director of customs or postmaster shall endorse and transmit the licenses to the Office of Munitions Control, Department of State, in accordance with the instructions contained on the reverse thereof.

[Dept. Reg. 108.615, 35 FR 3030, Feb. 14, 1970]

§ 125.24  Filing of licenses for export of classified information (data and equipment).

DSP-85 licenses authorizing the export of classified data or classified equipment shall be forwarded by the Department of State to agents of the Department of Defense (Defense Supply Agency) to arrange for transmission in accordance with the Department of Defense Industrial Security Manual. The Department of State shall forward a copy of the issued license to the applicant for his information. Upon completion of the export transaction the Defense Supply Agency shall return the license to the Department of State with endorsements in accordance with the instructions contained on the reverse thereof.

[Dept. Reg. 108.615, 35 FR 3030, Feb. 14, 1970]

## PART 126—PROHIBITED SHIPMENTS, TEMPORARY SUSPENSION OR MODIFICATION OF REGULATIONS, EXEMPTIONS, AND RELATION TO OTHER PROVISIONS OF LAW

Sec.
126.01  Prohibited shipments to or from certain countries.
126.02  Temporary suspension or modification of regulations of the subchapter.
126.03  Waiver or exception in hardship cases.
126.04  Shipments by U.S. Government agencies.
126.05  Relation to other provisions of law.

AUTHORITY: Sec. 414, as amended, 68 Stat. 848, 22 U.S.C. 1934; secs. 101 and 105, E.O. 10973, 26 FR 10469; sec. 6, Departmental Delegation of Authority No. 104, 26 FR 10608, as amended, 27 FR 9925, 28 FR 7231; Redelegation of Authority No. 104-3-A, 28 FR 7231.

SOURCE: Dept. Reg. 108.605, 34 FR 12039, July 17, 1969, unless otherwise noted.

§ 126.01  Prohibited shipments to or from certain countries.

The policy of the United States is to deny licenses and other approvals for U.S. Munitions List articles destined for or originating in Albania, Bulgaria, Communist China, Cuba, Czechoslovakia, East Germany, Estonia, Hungary, Latvia, Lithuania, North Korea, Outer Mongolia, Poland, Rumania, Union of Soviet Socialist Republics, any of the area of Viet-Nam which is under *de facto* communist control, and to or from any other area where the shipment of Munitions List articles would not be in furtherance of world peace and the security and foreign policy of the United States. The exemptions provided in the regulations in this subchapter, except § 125.11(a) (1) and (2)

# EXHIBIT 12



**DEPARTMENT OF STATE**

Washir. ), D C  20520

## MUNITIONS CONTROL NEWSLETTER

NO. 80

2/80

CRYPTOGRAPHY/TECHNICAL DATA

Concern has been voiced that ITAR provisions relating to the export of technical data as applied to cryptologic equipment can be so broadly interpreted as to restrict scientific exchanges of basic mathematical and engineering research data.  The Office of Munitions Control wishes to clarify the application of the technical data provisions of Section 121.01, Category XVIII, of the ITAR as applied to equipment found in Categories XI(c) and XIII(b) of the Munitions List.

Cryptologic technical data for which a license is required under Section 121.01, Category XVIII, is interpreted by this office with respect to information relating to Munitions List items in Categories XI(c) and XIII(b) to include only such information as is designed or intended to be used, or which reasonably could be expected to be given direct application, in the design, production, manufacture, repair, overhaul, processing, engineering, development, operation, maintenance or reconstruction of items in such categories.  This interpretation includes, in addition to engineering and design data, information designed or reasonably expected to be used to make such equipment more effective, such as encoding or enciphering techniques and systems, and communications or signal security techniques and guidelines, as well as other cryptographic and cryptanalytic methods and procedures. It does not include general mathematical, engineering or statistical information, not purporting to have or reasonably expected to be given direct application to equipment in such categories.  It does not include basic theoretical research data.  It does, however, include algorithms and other procedures purporting to have advanced cryptologic application.

The public is reminded that professional and academic presentations and informal discussions, as well as demonstrations of equipment, constituting disclosure of cryptologic technical data to foreign nationals, are prohibited without the prior approval of this office.  Approval is not required for publication of data within the United States as described in Section 125.11(a)(1).  Footnote 3 to section 125.11 does not establish a prepublication review requirement.

The interpretation set forth in this newsletter should exclude from the licensing provisions of the ITAR most basic scientific data and other theoretical research information, except for information intended or reasonably expected to have a direct cryptologic application. Because of concerns expressed to this office that licensing procedures for proposed disclosures of cryptologic technical data contained in professional and academic papers and oral presentations could cause burdensome delays in exchanges with foreign scientists, this office will expedite consideration as to the application of ITAR to such disclosures. If requested, we will, on an expedited basis provide an opinion as to whether any proposed disclosure, for other than commercial purposes, of information relevant to cryptology, would require licensing under the ITAR.

William B. Robinson, Director
Office of Munitions Control

Mr. INGRAM. The bottom line is that the regulations themselves have not been amended.

Mr. FOY. That is correct.

Mr. INGRAM. Let me call your attention to a letter of August 29, 1978, from your colleague, Larry Hammond, Deputy Assistant Attorney General, Office of Legal Counsel, to Col. Wayne Kay, Senior Policy Analyst, Office of Science and Technology Policy, Executive Office of the President.

The letter discusses the *Edler* case that you mentioned, which did present a first amendment challenge to the Munitions Control Act of 1954 and the ITAR. As Hammond notes, his letter to Kay is a followup to the Department's memorandum of 3 months previous to Dr. Press on public cryptography and the ITAR. Hammond goes on to conclude, at page 2 of his letter,

While the ninth circuit's decision in Edler is helpful in resolving first amendment issues with respect to blueprints and similar types of technical data used as a basis for producing military equipment, we do not believe that it either resolves the first amendment issues presented by restrictions on the export of cryptographic ideas or eliminates the need to reexamine the ITAR.

[The material follows:]