IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED and SECOND AMENDMENT FOUNDATION, INC., | § § § | Case No. 15-CV-372-RP |
| Plaintiffs, | § § | |
| v. | § § | |
| U.S. DEPARTMENT OF STATE, et al., | § § | |
| Defendants. | § § § | |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO EXCEED PAGE LIMITS
FOR THEIR BRIEF IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Fed. R. Civ. P. 7 and Local Rule CV-7(d)(3), Plaintiffs Defense Distributed and Second Amendment Foundation, Inc. move for leave to exceed the page limits for their brief in support of their motion for preliminary injunction.

Contemporaneously with the filing of this Motion, Plaintiffs are filing a motion for preliminary injunction, the brief in support of which is 30-pages long, excluding the signature block, tables, and caption. Plaintiffs' counsel has conferred with the Civil Chief for the U.S. Attorney's Office for the Western District of Texas, who does not oppose this Motion for Leave to Exceed Page Limits.

Under Local Rule CV-7(d)(3), non-dispositive briefs are limited to 10 pages. Because of this case's factual complexity, and the complexity of the legal issues presented by the case, Plaintiffs cannot adequately explain the bases for their motion for a preliminary injunction within 10 pages. Accordingly, Plaintiffs respectfully request that the Court grant them leave to exceed

1

the page limits, and ask that the Court consider their brief in support of their motion for preliminary injunction in its entirety.

The Court may, in its discretion, grant leave to a party to exceed the 10-page limit set forth in Local Rule CV-7(d)(3) and consider the party's brief in its entirey. *See TransCapital Leasing Assocs. 1990-II, L.P.* v. *United States*, 2006 U.S. Dist. LEXIS 16238, at *3 n.1 (W.D. Tex. 2006) (affording the parties unlimited pages on complex issue). Here, because of the substantial public interest involved, the nature of the relief requested, and the complexity of Defendants' unlawful conduct and that of the governing law, it is critical that Plaintiffs be able to fully describe the situation before the Court.

The Defendants are applying the International Traffic in Arms Regulations (22 C.F.R. Part 120 et seq.) ("ITAR") as a prior restraint against speech which contains "technical data" relating to the three-dimensional printing of firearms. Plaintiffs contend that this censorship is not authorized by Congress, and further violates their rights under the First, Second, and Fifth Amendments. Ten pages are simply insufficient to describe the challenged conduct, and Plaintiffs' legal arguments. Thirty pages, however, are adequate for this stage of the litigation.

## CONCLUSION

For the reasons stated, Plaintiffs respectfully request that the Court grant them leave to exceed the page limits set forth in Local Rule CV-7(d)(3) and ask the Court to consider their brief in support of their motion for preliminary injunction in its entirety.

Dated: May 11, 2015

Respectfully submitted,

GURA & POSSESSKY, PLLC

FISH & RICHARDSON P.C.

Alan Gura
Virginia Bar No. 68842*
Gura & Possessky, PLLC
105 Oronoco Street, Suite 305
Alexandria, Virginia 22314
703.835.9085 / Fax 703.997.7665
alan@gurapossessky.com

*/s/ William B. Mateja*
William T. "Tommy" Jacks
Texas State Bar No. 10452000
William B. Mateja
Texas State Bar No. 13185350
David S. Morris
Texas State Bar No. 24032877
FISH & RICHARDSON P.C.
One Congress Plaza, Suite 810
111 Congress Avenue
Austin, Texas 78701
(512) 472-5070 (Telephone)
(512) 320-8935 (Facsimile)
jacks@fr.com
dmorris@fr.com
mateja@fr.com

Matthew Goldstein
D.C. Bar No. 975000*
Matthew A. Goldstein, PLLC
1012 14th Street NW, Suite 620
Washington, DC 20005
202.550.0040/Fax 202.683.6679
matthew@goldsteinpllc.com

Josh Blackman
Virginia Bar No. 78292*
1303 San Jacinto Street
Houston, Texas 77002
202.294.9003/Fax: 713.646.1766
joshblackman@gmail.com

*Admission pro hac vice pending