IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED and<br>SECOND AMENDMENT FOUNDATION, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE, et al.,<br><br>Defendants.<br>_____ | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 15-CV-372-RP |

NOTICE RE: DEFENDANTS' RECENT PROPOSED RULES

On June 3, 2015, Defendants published a Federal Register notice in which they propose to amend the definition of "public domain" at ITAR Section 120.11 (the "June 3 Proposed Rule"). *See* 80 Fed. Reg. 31,525 (June 3, 2015).

Among other things, the June 3 Proposed Rule seeks to amend ITAR Section 120.11(b) to explicitly require prior U.S. Government approval before the publication of ITAR-controlled technical data into public forums. *Id.* at 31,528 ("Paragraph (b) of the revised definition explicitly sets forth the Department's requirement of authorization to release information into the 'public domain'"). In the preamble to the June 3 Proposed Rule, the Defendants explicitly confirm that they presently impose a prior restraint on the publication of ITAR-controlled technical data into public forums:

> The requirements of paragraph (b) are not new. Rather, they are a more explicit statement of the ITAR's requirement that one must seek and receive a license or other authorization from the Department or other cognizant U.S. government authority to release ITAR controlled "technical data," as defined in § 120.10. A release of "technical data" may occur by disseminating "technical data" at a public conference or trade show, publishing ''technical data'' in a book or journal article, or posting "technical data" to the Internet.

*Id*. at 31,528.  The preamble further states:

> Posting "technical data" to the Internet without a Department or other authorization is a violation of the ITAR even absent specific knowledge that a foreign national will read the "technical data."

*Id*. at 31,529.

Defendant Peartree is designated as the official point of contact for the June 3 Proposed Rule, which he personally and substantially created with defendants Heidema and Handelman.

Plaintiffs dispute the assertion that ITAR has ever approved of a prior restraint on speech.[1]  However, Defendants' proposal leaves no doubt as to the scope of the prior restraint that they have applied here and which they continue to apply in the absence of judicial intervention.

| | |
|---|---|
| Dated:  June 8, 2015 | Respectfully submitted, |
| GURA & POSSESSKY, PLLC | FISH & RICHARDSON P.C. |
| */s/ Alan Gura* | */s/ William B. Mateja* |
| Alan Gura | William T. "Tommy" Jacks |
| Virginia Bar No. 68842* | Texas State Bar No. 10452000 |
| Gura & Possessky, PLLC | William B. Mateja |
| 105 Oronoco Street, Suite 305 | Texas State Bar No. 13185350 |
| Alexandria, Virginia 22314 | David S. Morris |
| 703.835.9085 / Fax 703.997.7665 | Texas State Bar No. 24032877 |
| alan@gurapossessky.com | FISH & RICHARDSON P.C. |
| | One Congress Plaza, Suite 810 |
| */s/ Matthew Goldstein* | 111 Congress Avenue |
| Matthew Goldstein | Austin, Texas 78701 |
| D.C. Bar No. 975000* | (512) 472-5070 (Telephone) |
| Matthew A. Goldstein, PLLC | (512) 320-8935 (Facsimile) |
| 1012 14th Street NW, Suite 620 | jacks@fr.com |
| Washington, DC 20005 | dmorris@fr.com |
| 202.550.0040/Fax 202.683.6679 | mateja@fr.com |
| matthew@goldsteinpllc.com | |

---

[1] Plaintiffs note the individual Defendants' conflict of interest in promulgating such a position for the Government now that they have a financial interest in denying the extra-legal nature of their conduct in applying a prior restraint. 18 U.S.C. 208(a); 5 C.F.R. § 2635.402(c).

Josh Blackman
Virginia Bar No. 78292**
1303 San Jacinto Street
Houston, Texas 77002
202.294.9003/Fax: 713.646.1766
joshblackman@gmail.com

*Admitted pro hac vice
**Admission to W.D. Tex. Bar pending

Certificate of Service

On June 8, 2015, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. I hereby certify that I have thus served all parties electronically.

/s/ Matthew Goldstein
Matthew Goldstein