IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED and SECOND AMENDMENT FOUNDATION, INC., | § § § | Case No. 15-CV-372-RP |
| Plaintiffs, | § § | |
| v. | § § | |
| U.S. DEPARTMENT OF STATE, et al., | § § | |
| Defendants. | § § § | |

**NOTICE RE: GOVERNMENT'S STANDING CLAIMS**

On July 13, 2015, the Government filed its opening appellants' brief in its appeal from the judgment in *Mance* v. *Holder*, No. 4:14-cv-539-O, 2015 U.S. Dist. LEXIS 16679 (N.D. Tex. Feb. 11, 2015). The Government's standing arguments in *Mance* were indistinguishable from those raised in this case.[1] Notwithstanding the vigor with which those arguments were advanced before the Northern District, the Government's opening brief relates: "The government does not press the standing argument on appeal." Appellant's Br., *Mance* v. *Holder*, Fifth Cir. No. 15-10311 at 10 n.5 (July 13, 2015).

This omission is not for lack of space. The Government's brief is only 10,093 words long, well below the 14,000 word limit of Fed. R. App. 32(a)(7)(B). Had the Government believed it could prevail in *Mance* on its standing claim, it had roughly a third of its opening brief to press that argument.

---

[1] And indeed, from those raised unsuccessfully in *Nat'l Rifle Ass'n of Am., Inc.* v. *Bureau of Alcohol, Tobacco, Firearms & Explosives*, 700 F.3d 185 (5th Cir. 2012) and *United States* v. *Coil*, 442 F.3d 912, 915 n.2 (5th Cir. 2006) (Government "does not offer a serious argument to rebut standing").

*Mance* involved a challenge by a firearms dealer, two of his customers, and a Second Amendment rights organization to which the three belonged, to the federal prohibition on interstate handgun sales. The Government argued, inter alia, that the retailer lacked Second Amendment rights himself to sell guns, that he could not assert the rights of his customers, that the individuals were not truly injured because they could obtain handguns from other channels, that the real injury is only the cost of compliance with the regulation and thus not traceable to the Government, that the injury was not redressable, and that the organization lacked standing. The Northern District rejected these borderline frivolous arguments.

At oral argument in this case, Plaintiffs questioned whether the Government would persist in challenging standing in *Mance*. Those doubts are now confirmed. Plaintiffs continue to question whether the Government would continue to press these same claims here.

| | |
|---|---|
| Dated: July 14, 2015 | Respectfully submitted, |
| GURA & POSSESSKY, PLLC | FISH & RICHARDSON P.C. |
| */s/ Alan Gura* | */s/ William B. Mateja* |
| Alan Gura | William T. "Tommy" Jacks |
| Virginia Bar No. 68842* | Texas State Bar No. 10452000 |
| Gura & Possessky, PLLC | William B. Mateja |
| 105 Oronoco Street, Suite 305 | Texas State Bar No. 13185350 |
| Alexandria, Virginia 22314 | David S. Morris |
| 703.835.9085 / Fax 703.997.7665 | Texas State Bar No. 24032877 |
| alan@gurapossessky.com | |
| | One Congress Plaza, Suite 810 |
| Matthew Goldstein | 111 Congress Avenue |
| D.C. Bar No. 975000* | Austin, Texas 78701 |
| Matthew A. Goldstein, PLLC | (512) 472-5070 (Telephone) |
| 1012 14th Street NW, Suite 620 | (512) 320-8935 (Facsimile) |
| Washington, DC 20005 | jacks@fr.com |
| 202.550.0040 / Fax 202.683.6679 | dmorris@fr.com |
| matthew@goldsteinpllc.com | mateja@fr.com |

Josh Blackman
Virginia Bar No. 78292
1303 San Jacinto Street
Houston, Texas 77002
202.294.9003 / Fax: 713.646.1766
joshblackman@gmail.com                    *Counsel for Plaintiffs*

*Admitted *Pro Hac Vice*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on July 7, 2015, and was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(b)(1). Any and all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. Mail and/or electronic mail on July 14, 2015.

                              */s/ William B. Mateja*
                              William B. Mateja