UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DEFENSE DISTRIBUTED and<br>SECOND AMENDMENT FOUNDATION, INC.,<br>　　　Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE; JOHN F. KERRY, in his official capacity as Secretary of State; DIRECTORATE OF DEFENSE TRADE CONTROLS, Department of State Bureau of Political Military Affairs; ANTHONY M. DEARTH, in his official capacity as Acting Deputy Assistant Secretary, Defense Trade Controls, Bureau of Political Military Affairs; KENNETH B. HANDELMAN, individually; C. EDWARD PEARTREE, individually and in his official capacity as Director, Office of Defense Trade Controls Policy, Bureau of Political Military Affairs, Department of State; SARAH J. HEIDEMA, individually and in her official capacity as Division Chief, Regulatory and Multilateral Affairs, Office of Defense Trade Controls Policy, Bureau of Political Military Affairs, Department of State; and GLENN SMITH, individually and in his official capacity as Senior Advisor, Office of Defense Trade Controls, Bureau of Political Military Affairs, Department of State,<br>　　　Defendants. | No. 1:15cv372-RP |

**UNOPPOSED MOTION FOR ORDER SETTING TIME FOR THE U.S. GOVERNMENT DEFENDANTS TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. P. 15(a)(3), the U.S. Department of State, the Directorate of Defense Trade Controls, and the official-capacity Defendants in this matter (hereinafter "U.S. Government Defendants")[1] hereby request that the Court enter an order setting the time for the U.S. Government Defendants to answer or otherwise respond to Plaintiffs' First Amended

---

[1] As noted in the Unopposed Motion for Leave to Exceed Page Limitation, ECF No. 44 (Aug. 13, 2015), Acting Deputy Assistant Secretary Anthony M. Dearth, has been automatically substituted for Kenneth Handelman in all official-capacity claims against the Deputy Assistant Secretary, Defense Trade Controls, Bureau of Political Military Affairs. *See* Fed. R. Civ. P. 25(d).

Complaint, ECF No. 47, for twenty-one (21) days following the issuance of the mandate of the United States Court of Appeals for the Fifth Circuit on Plaintiffs' pending interlocutory appeal. *See* ECF No. 43 (Order on Plaintiffs' Motion for Preliminary Injunction); ECF No. 45 (Plaintiffs' Notice of Appeal).

1. Plaintiffs have filed an interlocutory appeal regarding claims against the official-capacity defendants. *See* ECF No. 45. "When one aspect of a case is before the appellate court on interlocutory review, the district court is divested of jurisdiction over that aspect of the case." *Dayton Independent School Dist. v. United States Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990). Here, Plaintiffs brought claims for injunctive relief against the U.S. Government Defendants, sought preliminary relief as to those claims, and appealed the denial of such relief. Because jurisdiction over the claims against the U.S. Government Defendants therefore currently lies with the appellate court, this Court is without jurisdiction to hear a response to these claims as set forth in the First Amended Complaint.

2. Even if jurisdiction over the claims against the U.S. Government Defendants remained in this Court, requiring the U.S. Government Defendants to answer or otherwise respond to the First Amended Complaint at this time would not serve the interests of judicial economy or facilitate the efficient management of this litigation. This Court has denied Plaintiffs' Motion for Preliminary Injunction and Plaintiffs have appealed. Briefing by the U.S. Government Defendants in response to the First Amended Complaint is likely to be duplicative of the briefing of these issues on appeal, and such duplicative briefing will not materially assist the Court or represent a useful investment of time and resources by the parties.

3.	Fed. R. Civ. P. 15(a)(3) provides the Court with discretion to schedule the U.S. Government Defendants' response to the First Amendment Complaint appropriately in light of the interlocutory appeal.

4.	Pursuant to Local Civil Rule 7(i), counsel for the U.S. Government Defendants has conferred with counsel for the Plaintiffs in this action, who has confirmed that Plaintiffs do not oppose this motion. Undersigned counsel has also conferred with counsel for the individual-capacity Defendants, who also do not oppose this motion.

The U.S. Government Defendants therefore respectfully request that the Court grant this unopposed motion and enter the attached proposed order setting the time for them to answer or otherwise respond to Plaintiffs' Complaint until twenty-one (21) days after the issuance of the mandate of the Fifth Circuit Court of Appeals in this matter.

Dated: August 31, 2015                          Respectfully submitted,

RICHARD L. DURBIN, JR.                          BENJAMIN C. MIZER
United States Attorney                          Principal Deputy Assistant Attorney General
Western District of Texas                       Civil Division

ZACHARY C. RICHTER                              ANTHONY J. COPPOLINO
Assistant United States Attorney                Deputy Branch Director
Western District of Texas                       Federal Programs Branch

*/s/ Eric J. Soskin*
ERIC J. SOSKIN
Pennsylvania Bar No. 200663
STUART J. ROBINSON
California Bar No. 267183
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 7116
Washington, DC 20530
Phone: (202) 353-0533
Fax: (202) 616-8470

Email: Eric.Soskin@usdoj.gov

*Attorneys for U.S. Government Defendants*

## CERTIFICATE OF SERVICE

      I certify that on August 31, 2015, I electronically filed this document with the Clerk of Court using the CM/ECF system, which will send notification to

      Alan Gura, alan@gurapossessky.com
      William B. Mateja, mateja@fr.com
      William T. "Tommy" Jacks, jacks@fr.com
      David S. Morris, dmorris@fr.com
      Matthew Goldstein, matthew@goldsteinpllc.com
      Joshua M. Blackman, joshblackman@gmail.com
      *Attorneys for Plaintiffs*


      */s/ Eric J. Soskin*
      ERIC J. SOSKIN
      Trial Attorney