IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED and<br>SECOND AMENDMENT FOUNDATION, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE, et al.,<br><br>Defendants. | § § § § § § § § § § § § § | Case No. 15-CV-372-RP |

PLAINTIFFS' OPPOSITION TO "INDIVIDUAL CAPACITY" DEFENDANTS'
MOTION FOR EXTENSION OF TIME

ARGUMENT

The docket reflects the fact that Plaintiffs and the "official capacity" Defendants have agreed on their portion of scheduling in this case. Regrettably, the "individual capacity" Defendants have rejected all of Plaintiffs' various initiatives to reach a scheduling accommodation.

Were Defendants to file a motion to dismiss the case on September 14, the Plaintiffs' opposition would be due September 28, an impossible date for Plaintiffs' counsel. Three of Plaintiffs' counsel are Jewish—Rosh Hashana and Yom Kippur this year fall on September 14 and 23, respectively. By 4 p.m. on September 30, undersigned counsel must file the appellees' brief in *Wrenn v. District of Columbia*, D.C. Circuit No. 15-7057, and the next day, on October 1, undersigned counsel must file the fourth-step cross-appeal reply brief in *Suarez v. Attorney General of the United States*, Third Circuit Nos. 15-1975, 15-1976. Counsel is also scheduled to attend a client conference in Phoenix on September 25-27.

1

As the attached email thread reveals, Mr. Richter was advised of all this. His first response? To make Plaintiffs' deadline October 2 instead of October 1.[1]

While this response was not constructive, Plaintiffs generously countered by suggesting Mr. Richter have until at least October 2 to file his motion, making the Plaintiffs' deadline a more workable October 16.[2] But Mr. Richter declined, threatening that he reserves the right to file even earlier than September 18 and thereby greatly exacerbating Plaintiffs' scheduling conflicts, but then agreeing to let *Plaintiffs* move to extend their deadline.

Of course it is totally unreasonable to expect Plaintiffs would agree to affording Mr. Richter a deadline extension that would immediately place them in the position of major conflicts with multiple serious religious holidays, appellate filing deadlines, and significant client obligations. In our experience, the failure to respect these conflicts is inconsistent with prevailing norms of professional courtesy. Even were Mr. Richter's opposition to staying the proceedings reasonable (and manifestly, it is not), he should have at a minimum agreed to disagree on the issue of a stay while averting the need for Plaintiffs to seek an extension.

Indeed, the too-long record of what should be a routine, simple scheduling matter is one of Plaintiffs anticipating problems and volunteering, sua sponte, reasonable accommodations, and Mr. Richter persistently responding with more difficult positions. Plaintiffs had initially suggested that, in accordance with the usual practice in such cases, the proceedings here be stayed pending the

---

[1] Plaintiffs' counsel initially calculated the response to a September 14 filing on October 1, but the difference is immaterial given the substantial conflicts. There are other scheduling difficulties in September, as Mr. Blackman has various travel plans to Washington and New York, but the initially-disclosed scheduling conflicts should have sufficed to take those dates out of consideration.

[2] On October 8, undersigned counsel is currently set to file a reply brief in *Pena v. Lindley*, Ninth Circuit No. 15-15449.

Case 1:15-cv-00372-RP   Document 54   Filed 09/01/15   Page 3 of 6

outcome of their appeal (see below, and Dkt. 51 ¶ 2). Mr. Richter refused the offer, and insisted on filing a motion to dismiss, forcing Plaintiffs to amend their complaint within Rule 15's deadline.

Of course, Plaintiffs realized that by the operation of the rules, the Defendants' response to the amended complaint would be due the day after Labor Day. Plaintiffs therefore proactively reached out to Defendants' counsel to again seek a stay of all proceedings. The "official capacity" Defendants agreed that they should not have to respond in the District Court until the appeal's resolution, but Mr. Richter, who is not tasked with representing Defendants in the present appeal, demands that litigation proceed in both courts, now.

Plaintiffs made clear to Mr. Richter that even were a stay not obtained, they would not seek to hold Defendants to the oppressive post-holiday deadline, and thus initially agreed to Mr. Richter's request for an extension of time through September 14. But wishing to avoid needless litigation such as this, Plaintiffs volunteered some of their scheduling difficulties and offered Mr. Richter *more* time—to which, as noted above, he responded that he might have an extension through September 18, and Plaintiffs might thereby have their deadline moved only to October 2.

This type of vexatious behavior is probably but a small preview of what might be expected should this litigation depart from the usual course of proceedings when an early interlocutory appeal, on an expedited basis, will resolve at least some of the major issues of contention between the parties. District courts routinely stay or refrain from further proceedings where a pending appeal will resolve complex constitutional questions, particularly in the Second Amendment area. *See, e.g.*, *Wrenn v. District of Columbia*, D.D.C. No. 1:15-CV-162-FJS, Dkt. 29 (June 24, 2015); *Ezell v. City of Chicago*, N.D. Ill. No. 1:10-CV-5135, Dkt. 19 (Apr. 8, 2011); *Pena v. Cid*, 2:09-CV-1185-FCD-KJM, Dkt. 28 (Aug. 9, 2010); *Pena v. Cid*, 2:09-CV-1185-FCD-KJM, Dkt. 24 (Oct. 2, 2009).

A stay is also warranted given the early stage of the litigation, the complete absence of prejudice to Defendants were the matter stayed until the Fifth Circuit's expedited appeal could be resolved, and the extreme prejudice to Plaintiffs of having to litigate the case in two courts at the same time, to say nothing of the potential complications that might arise if further litigation here generated a second interlocutory appeal.

CONCLUSION

The "individual capacity" Defendants' motion should be denied. Respectfully, the Court should stay all further proceedings until 21 days following the issuance of the Fifth Circuit's mandate in the present interlocutory appeal. In any event, the responsive deadlines suggested by Mr. Richter's motion are unworkable.

| | |
|---|---|
| Dated: September 1, 2015 | Respectfully submitted, |
| GURA & POSSESSKY, PLLC | FISH & RICHARDSON P.C. |
| */s/ Alan Gura* | |
| Alan Gura | William T. "Tommy" Jacks |
| Virginia Bar No. 68842* | Texas State Bar No. 10452000 |
| Gura & Possessky, PLLC | William B. Mateja |
| 105 Oronoco Street, Suite 305 | Texas State Bar No. 13185350 |
| Alexandria, Virginia 22314 | David S. Morris |
| 703.835.9085 / Fax 703.997.7665 | Texas State Bar No. 24032877 |
| alan@gurapossessky.com | FISH & RICHARDSON P.C. |
| | One Congress Plaza, Suite 810 |
| Matthew Goldstein | 111 Congress Avenue |
| D.C. Bar No. 975000* | Austin, Texas 78701 |
| Matthew A. Goldstein, PLLC | (512) 472-5070 (Telephone) |
| 1012 14th Street NW, Suite 620 | (512) 320-8935 (Facsimile) |
| Washington, DC 20005 | jacks@fr.com |
| 202.550.0040/Fax 202.683.6679 | dmorris@fr.com |
| matthew@goldsteinpllc.com | mateja@fr.com |

Josh Blackman
Virginia Bar No. 78292
1303 San Jacinto Street
Houston, Texas 77002

202.294.9003/Fax: 713.646.1766
joshblackman@gmail.com

*Admitted pro hac vice

CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on September 1, 2015, and was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(b)(1).

        /s/ Alan Gura
        Alan Gura