**From:** Alan Gura alan@gurapossessky.com
**Subject:** Re: Defense Distributed v. U.S. Dept of State -- transcript order form
**Date:** September 1, 2015 at 5:59 PM
**To:** Richter, Zachary (USATXW) Zachary.C.Richter@usdoj.gov
**Cc:** Soskin, Eric (CIV) Eric.Soskin@usdoj.gov, matthew@goldsteinpllc.com, Josh Blackman joshblackman@gmail.com, Bill Mateja Mateja@fr.com, Robinson, Stuart J. (CIV) Stuart.J.Robinson@usdoj.gov

"If for some reason September 18 is unacceptable?" Cute. As you well know, both of your dates cause us conflicts with serious religious holidays and multiple appellate filing deadlines.
We note your threat to file early, exacerbating the conflicts.

I have offered you the option of preserving your opposition to a stay while respecting our conflicts, you respond with threats to make things worse and, essentially, a demand that we abandon our position in favor of a stay.

I'm comfortable in having made every effort to resolve as much of this as possible by mutual agreement, but you are obviously not interested in working this out.

Your motion is opposed. We no longer agree to any extensions, other than a stay of all proceedings pending the appeal's outcome.

> On Sep 1, 2015, at 11:40 AM, Richter, Zachary (USATXW) <Zachary.C.Richter@usdoj.gov> wrote:
>
> Alan,
>
> I do not need until October 2 to file the individual defendants' motion to dismiss. September 18 will be sufficient, and I will move for an extension until that date and reserve the right to file before then if the motion is ready. Thank you, however, for being open to a generous extension.
>
> To accommodate the schedules of Plaintiffs' counsel, the individual defendants will not oppose an extension of time to respond until October 16, in exchange for an agreement to extend any deadlines that would ordinarily be set for the individual defendants October 19-November 3, when I will be away from the office on long-planned travel. We can file a joint motion for a briefing schedule if you like.
>
> In the interest of clarity, please confirm that your clients do not oppose a 10-day extension of time, from September 8 to September 18, for the individual defendants to respond to the Amended Complaint. If for some reason September 18 is unacceptable, please provide your position on an extension until September 14.
>
> ZCR 512/370-1254
>
> ---
>
> **From:** Alan Gura [mailto:alan@gurapossessky.com]
> **Sent:** Tuesday, September 01, 2015 10:15 AM
> **To:** Richter, Zachary (USATXW)
> **Cc:** Soskin, Eric (CIV); matthew@goldsteinpllc.com; Josh Blackman; Bill Mateja; Robinson, Stuart J. (CIV)
> **Subject:** Re: Defense Distributed v. U.S. Dept of State -- transcript order form
>
> It remains our position that the case should be stayed.
> In the absence of a stay, given our current schedules, we would not want to respond to any motions until October 16 (in addition to the conflicts I advised you re: October 1 I also have a ninth circuit brief due October 8). So why don't you move for October 2, and note that we do not oppose your receiving the extension in the absence of a stay.

On Aug 31, 2015, at 5:41 PM, Richter, Zachary (USATXW) <Zachary.C.Richter@usdoj.gov> wrote:

Alan,

As I thought I had made clear in my previous email, I am amenable to allowing Defense Distributed an extension of time to respond to the individual defendants' renewed motion to dismiss. We can address that extension in the context of an agreed briefing schedule once the motion has been filed, or sooner (even this week) if you are especially concerned.

The immediate question is whether your clients would oppose a 10-day extension of time, from September 8 to September 18, for the individual defendants to respond to the Amended Complaint. Please let me know your position on that motion. If you oppose September 18, please let me know whether you oppose an extension until September 14.

ZCR 512/370-1254

---

**From:** Alan Gura [mailto:alan@gurapossessky.com]
**Sent:** Monday, August 31, 2015 4:32 PM
**To:** Richter, Zachary (USATXW)
**Cc:** Soskin, Eric (CIV); matthew@goldsteinpllc.com; Josh Blackman; Bill Mateja; Robinson, Stuart J. (CIV)
**Subject:** Re: Defense Distributed v. U.S. Dept of State -- transcript order form

I hardly think that given what I've told you about my schedule, October 2 solves the problems with October 1.

Why do you think it pays to be obnoxious?

> On Aug 31, 2015, at 5:19 PM, Richter, Zachary (USATXW) <Zachary.C.Richter@usdoj.gov> wrote:
>
> Alan,
>
> Thanks for letting me know about your upcoming schedule. In light of that information, the individual defendants will be filing a motion to postpone their responsive motion by 10 days, until September 18. If the motion is filed that day, Defense Distributed's response to the motion would be due October 2 under the usual interpretation of the local rule, which does not add three additional days in this circumstance. We can, of course, discuss moving jointly for a briefing schedule that that eliminates any uncertainty on this score and accommodates everyone's upcoming personal and professional commitments. Please let me know as soon as possible whether your clients will be opposing a motion by the individual defendants to extend their time to respond by 10 days, as I expect to file the motion this evening or early tomorrow morning.

ZCR 512/370-1254

**From:** Alan Gura [mailto:alan@gurapossessky.com]
**Sent:** Monday, August 31, 2015 3:01 PM
**To:** Richter, Zachary (USATXW)
**Cc:** Soskin, Eric (CIV); matthew@goldsteinpllc.com; Josh Blackman; Bill Mateja; Robinson, Stuart J. (CIV)
**Subject:** Re: Defense Distributed v. U.S. Dept of State -- transcript order form

It's your deadline, and it's up to you to make a motion.
We oppose any scheduling conference as a waste of time, for the reasons offered in my email to your co-counsel.

We have no objection to an extension to September 14, in the absence of a stay (but see below). We would either ask for a stay in response to your motion, or, after you've filed one, when we actually have something to do.

You should know that with a September 14 filing, our opposition would be due October 1, which is impossible and would generate an extension motion in any event. I already owe you a step 4 cross-appeal reply brief in the 3d Circuit that day in the Suarez case, I have the DC Circuit appellees' brief in Wrenn due September 30, Sept 14 is Rosh Hashana, Sept. 23 is Yom Kippur, and I've got a conference and other commitments in Phoenix Sept. 25-27.

So, you should consider some day later than September 14 for the non-stay responsive date.

Thanks,
Alan

> On Aug 31, 2015, at 3:07 PM, Richter, Zachary (USATXW) <Zachary.C.Richter@usdoj.gov> wrote:
>
> Alan,
>
> Like Eric, I cannot agree that the response dates for the U.S. government and the individual employees should be the same in this instance. I also agree with Eric that a scheduling conference would be appropriate and that any response dates should be vacated until the District Court can schedule and hold the conference.
>
> In the event you oppose that motion, however, please let me know your position on an extension of the individual defendants' time to respond from September 8 to September 14, or, if Plaintiffs intend to move for a stay of all proceedings, for an extension until 14 days after the denial of any such motion.

motion.

ZCR 512/370-1254

---

**From:** Soskin, Eric (CIV) [mailto:Eric.Soskin@usdoj.gov]
**Sent:** Monday, August 31, 2015 2:00 PM
**To:** Alan Gura
**Cc:** Richter, Zachary (USATXW); matthew@goldsteinpllc.com; Josh Blackman; Bill Mateja; Robinson, Stuart J. (CIV)
**Subject:** RE: Defense Distributed v. U.S. Dept of State -- transcript order form

Alan,

The U.S. government and the individuals named in their personal capacities have separate counsel in this case. For this reason I can reply only on behalf of my clients, the U.S. government defendants. We do not agree that our response date and the response date for the individual-capacity defendants should be aligned.

Because this disagreement apparently must be resolved by the district court, we therefore plan to move the court to set a scheduling conference to address how this case should proceed and to vacate any pending deadlines in district court until dates to be set by the court at the scheduling conference.

Please let me know promptly if you also oppose this motion. In the alternative, if you will reconsider your opposition to a motion by my clients alone to set their response date for 21 days after the mandate issues on the 5th Circuit's decision, we will file that motion instead.

As to including appellate counsel in our discussions, please be assured that we consult with them as appropriate.

Thanks,
Eric

---

**From:** Alan Gura [mailto:alan@gurapossessky.com]
**Sent:** Monday, August 31, 2015 9:37 AM
**To:** Soskin, Eric (CIV)
**Cc:** Richter, Zachary (USATXW); matthew@goldsteinpllc.com; Josh Blackman; Bill Mateja; Robinson, Stuart J. (CIV)
**Subject:** Re: Defense Distributed v. U.S. Dept of State -- transcript order form

No.

It makes absolutely no sense to proceed with district court

litigation on an issue that's before the court of appeals on an expedited basis. There is no legitimate reason for doing so in the present context of the case, especially if the defendants want a stay on some of the claims. The notion that there are "individual capacity" and "official capacity" defendants is a bit of legal schizophrenia, it plays a role, but not on common sense scheduling matters like this, which are routinely resolved with an agreed stay.

Right now, your response(s) is/are due September 8, and the defendants need to have a single, coherent approach to this. We do not agree to bifurcate the case in the district court.

Do the defendants want to file on September 8, or on some other date? I can't imagine you would want to file September 8, and I've been nice in volunteering an accommodation. Plaintiffs suggest a stay until 21 days after the mandate issues on the 5th Circuit's decision. If the defendants have some other, single date in mind, let's hear it. And please, let's involve the defendants' appellate counsel in the discussion as well. They are part of your team and it would be best if they participated here.

Thanks,
Alan

> On Aug 28, 2015, at 1:23 PM, Soskin, Eric (CIV) <Eric.Soskin@usdoj.gov> wrote:
>
> Thanks, Alan. I've passed it along to our appellate folks, and someone there will be entering an appearance shortly in the 5th Circuit.
>
> As for how to proceed in the district court, the view of the official-capacity defendants is that further litigation of the official-capacity claims should await action on your interlocutory appeal. I understand from speaking with Zach that the individual-capacity defendants take the position that proceeding with litigation of their qualified immunity defenses remains appropriate during the appeal.
>
> Would you be amenable to a joint filing that proposes that a schedule be set for further litigation of the official-capacity claims upon resolution of the appeal of the preliminary

injunction decision, and provides that the individual-capacity defendants may proceed with their motion?

Best,
Eric

**From:** Alan Gura [mailto:alan@gurapossessky.com]
**Sent:** Thursday, August 27, 2015 11:27 PM
**To:** Soskin, Eric (CIV)
**Cc:** Richter, Zachary (USATXW); matthew@goldsteinpllc.com; 'Josh Blackman'; 'Bill Mateja'
**Subject:** Defense Distributed v. U.S. Dept of State -- transcript order form

Hi Eric,

You're the only attorney for the government currently listed in the 5th Circuit's docket, but not active for ECF in that court. Attached please find the e-service copy of our transcript request form filed there today.

Of course, also let us know if either you or your colleagues (hi Zach) have reconsidered staying the district court proceedings while the appeal is on-going, as is the standard practice. Per the rules, your responsive deadlines with respect to the first amended complaint are now both 14+3, or, September 8. Obviously we will not insist that you stick to that date, so let us know if you wish to discuss moving/staying it.

Thanks,
Alan