UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED, et al., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | No. 1:15cv372-RP |
| | § | |
| U.S. DEPARTMENT OF STATE, et al., | § | |
| Defendants. | § | |

**INDIVIDUAL DEFENDANTS' REPLY IN SUPPORT OF SIX-DAY EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' AMENDED COMPLAINT**

The individual defendants in this action — current and former State Department employees Kenneth Handelman, Edward Peartree, Sarah Heidema, and Glenn Smith — have moved for a six-day extension of time to respond to the Amended Complaint. (*See* ECF No. 53.) Plaintiffs have opposed. (*See* ECF No. 54.) This Court should grant the motion.

1.	Plaintiffs do not explain how they would benefit from a denial of the individual defendants' request for an extension. Were the request denied, the individual defendants would file their renewed motion to dismiss on September 8, and Plaintiffs' response would then be due September 22, in the midst of the religious observances and professional conflicts Plaintiffs list. Opp'n 1-2.

2.	Plaintiffs nevertheless object to the individual defendants' request for an extension because their response would then be due a corresponding six days later. Opp'n 1-2. As the email correspondence attached to Plaintiffs' opposition shows, counsel for the individual defendants has repeatedly offered to agree in advance on a briefing schedule that would accommodate the interests of all parties. *See* Pls.' Ex. at 1, ECF No. 54-1 ("To accommodate the schedules of Plaintiffs' counsel, the individual defendants will not oppose an extension of time to respond until October 16, in exchange for an agreement to extend any deadlines that would ordinarily be set for the individual defendants October 19-November 3, when I will be away from the office on long-planned travel. We can file a joint motion for a briefing schedule if you like."); *id.* at 2 ("I am amenable to allowing Defense Distributed an extension of time to respond

to the individual defendants' renewed motion to dismiss. We can address that extension in the context of an agreed briefing schedule once the motion has been filed, or sooner (even this week) if you are especially concerned."); *id.* at 2 ("We can, of course, discuss moving jointly for a briefing schedule that...accommodates everyone's personal and professional commitments."). Counsel for the individual defendants also attempted to confer by telephone early yesterday afternoon, but that call has not been returned yet.

3. Despite the accommodations that counsel for the individual defendants offered and remains willing to offer, Plaintiffs "no longer agree to any extensions, other than a stay of all proceedings pending the [interlocutory] appeal's outcome." Pls.' Ex. at 1. If Plaintiffs want to stay proceedings on their damages claims, they must file a motion. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); *Campaign for S. Equality v. Bryant*, 773 F.3d 55, 57 (5th Cir. 2014) ("A stay is an intrusion into the ordinary processes of administration and judicial review and a party is not entitled to a stay as a matter of right.") (internal quotation marks omitted). This Court may then decide that motion based on the factors that govern stays during appeal. *See Campaign for S. Equality*, 773 F.3d at 57.

4. However, all Defendants would oppose such a blanket stay, for reasons that can be explained fully if Plaintiffs actually file a motion. Briefly put, the individual defendants have an interest that the Supreme Court "repeatedly ha[s] stressed" in having their immunity defense resolved "at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (internal quotation marks omitted). That ground for dismissal, like the others that have been raised (and will be renewed) by the individual defendants, does not implicate the propriety of prelminary injunctive relief and is thus properly before this Court. *See Weingarten Realty Investors v. Miller*, 661 F.3d 904, 908 (5th Cir. 2011). Moreover, delaying consideration of the individual defendants' motion to dismiss presents a risk of serial interlocutory appeals, since the individual defendants could immediately appeal a denial of their assertion of qualified immunity. *See Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

5.       Finally, Plaintiffs accuse counsel for the individual defendants of conduct "inconsistent with prevailing norms of professional courtesy." Opp'n 2. The United States Attorney's Office disagrees with this characterization and trusts that this Court will arrive at the correct conclusion about which attorney has acted unprofessionally in this situation.

6.       Although Plaintiffs' counsel has dismissed the proposal that this Court hold a scheduling conference as a "waste of time," Pls.' Ex. at 3, counsel for the individual defendants remains available to appear at such a conference, should this Court choose to hold one.

                Respectfully submitted,

                RICHARD L. DURBIN, JR.
                United States Attorney

By:    */s/ Zachary C. Richter*
        ZACHARY C. RICHTER
        Assistant United States Attorney
        Texas Bar No. 24041773
        816 Congress Avenue, Suite 1000
        Austin, Texas 78701
        (512) 916-5858 (phone)
        (512) 916-5854 (fax)
        Zachary.C.Richter@usdoj.gov

        *Attorneys for Individual Defendants*
        *Kenneth Handelman, C. Edward Peartree,*
        *Sarah J. Heidema & Glenn Smith*

## CERTIFICATE OF SERVICE

      I certify that on September 2, 2015, I electronically filed this document with the Clerk of Court using the CM/ECF system, which will send notification to

      Alan Gura, alan@gurapossessky.com
      William B. Mateja, mateja@fr.com
      William T. "Tommy" Jacks, jacks@fr.com
      David S. Morris, dmorris@fr.com
      Matthew Goldstein, matthew@goldsteinpllc.com
      Josh Blackman, joshblackman@gmail.com
      *Attorneys for Plaintiffs*

      Eric J. Soskin, eric.soskin@usdoj.gov
      Stuart J. Robinson, stuart.j.robinson@usdoj.gov
      *Attorneys for U.S. State Department, Directorate of Defense Trade Controls & Official-Capacity Defendants*

      */s/ Zachary C. Richter*
      ZACHARY C. RICHTER
      Assistant United States Attorney