IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED and SECOND AMENDMENT FOUNDATION, INC., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:15-CV-372-RP |
| UNITED STATES DEPARTMENT OF STATE, et al., | § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court in the above-entitled matter is a Motion to Stay Proceedings filed by those Defendants sued in their official capacities ("official-capacity Defendants"). (Dkt. 70). Having considered the filings, relevant case law, and the entire case file, the Court hereby issues the following Order.

## I. BACKGROUND

On April 29, 2015, Plaintiffs Defense Distributed and the Second Amendment Foundation ("SAF") (collectively, "Plaintiffs) filed this action against the United States Department of State, Secretary of State Rex Tillerson, the Directorate of Defense Trade Controls ("DDTC"), and employees of the DDTC in their official and individual capacities. Plaintiffs assert that the imposition by Defendants of a prepublication approval requirement for "technical data" related to "defense articles" constitutes: (1) an ultra vires government action; (2) a violation of Plaintiffs' rights to free speech under the First Amendment; (3) a violation of Plaintiffs' right to keep and bear arms under the Second Amendment; and (4) a violation of Plaintiffs right to due process of law under the Fifth Amendment. Plaintiffs also contend these alleged violations of their constitutional rights entitle them to monetary damages.

1

Plaintiffs filed a Motion for Preliminary Injunction on May 11, 2015. (Dkt. 7). After conducting a hearing, the Court denied Plaintiffs' motion. (Dkt. 43). Plaintiffs appealed, and the Court granted their Motion to Stay Proceedings. (Dkt. 66). In that Order, the Court specified that the action was stayed "during the pendency of Plaintiffs' interlocutory appeal" and that "[a]ll pending matters and settings [were abated] pending further order from this Court." (*Id.* at 2). On September 20, 2016, a divided panel of the U.S. Court of Appeals for the Fifth Circuit affirmed this Court's denial of Plaintiffs' Motion for Preliminary Injunction. *Defense Distributed,e t al. v. U.S. Dep't of State, et al.*, 838 F.3d 451 (5th Cir. 2016). On March 15, 2017, the Fifth Circuit denied Plaintiffs' petition for rehearing en banc. (*Defense Distributed,* No. 15-50759, Doc. 513913565). Plaintiffs then sought a stay of the Fifth Circuit's mandate, representing that they "intend to petition the Supreme Court for a writ of certiorari to review the panel's decision." (*Id.*, Doc. 513920142). The Fifth Circuit denied Plaintiffs' motion, and the mandate issued on April 4, 2017. (Dkt. 68).

## II. DISCUSSION

*A. Motion to Stay*

The instant motion asks the Court to stay further proceedings as to the claims against the official-capacity Defendants pending the filing of Plaintiffs' petition for a writ of certiorari and subsequent action by the Supreme Court. (Mot. Stay, Dkt. 70, at 1). The official-capacity Defendants represent that the individual-capacity Defendants do not oppose the motion. (*Id.* at 2). In response, Plaintiffs argue that the Motion to Stay is unnecessary given the language of the Court's October 1, 2015 order imposing the stay. (Resp., Dkt. 71).

The Court agrees with Plaintiffs. The Order imposing the stay made clear that this action would be stayed "during the pendency of Plaintiffs' interlocutory appeal" and until further order from this Court. (Order, Dkt. 66, at 2). Given both (1) Plaintiffs' stated intent to continue their appeal with a petition to the Supreme Court for a writ of certiorari, and (2) the absence of any order

2

from this Court terminating or modifying the stay, there is no need for the relief sought in the instant motion. This matter will remain stayed pending a further order from this Court, which will not issue prior to (1) the expiration of Plaintiffs' deadline for filing their petition for writ of certiorari; or (2) the Supreme Court's resolution of Plaintiffs' timely filed petition for writ of certiorari.

### B. *Motion to Strike*

On April 25, 2017, Defendants Kenneth B. Handelman, C. Edward Peartree, Sarah J. Heidema, and Glenn Smith ("individual-capacity Defendants") filed a Response to the official-capacity Defendants' Motion to Stay. (Dkt. 72). In their Response, the individual-capacity Defendants clarified that they "do not oppose the motion . . . as to the official capacity claims." (*Id.* at 1). The individual-capacity Defendants do oppose, however, what they construe as Plaintiffs' request to "continue to stay all proceedings." (*Id.*). Plaintiffs then filed a Motion to Strike the individual-capacity Defendants' Response, arguing that the purported Response violates Federal Rule of Civil Procedure 7(b)(1)'s requirement that "[a] request for a court order must be made by motion." (Dkt. 73).

The Court agrees with Plaintiffs. The Court's Order imposing a stay in this matter applied to all defendants, including those named in their individual capacities. As that Order remains in effect, (*see supra* Section II(A)), any request to lift the stay as to the individual-capacity Defendants must be made by way of a separate motion.

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that the official-capacity Defendants' Motion to Stay, (Dkt. 70), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike, (Dkt. 73), is hereby **GRANTED**.

**IT IS FINALLY ORDERED** that the stay imposed on October 1, 2015, (Dkt. 66), remains in effect pending further order from this Court.

**SIGNED** on April 27, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE