UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DEFENSE DISTRIBUTED, et al.,§<br>  Plaintiffs,§<br>§<br>v.§<br>§<br>U.S. DEPARTMENT OF STATE, et al.,§<br>  Defendants.§ | No. 1:15-cv-372-RP |

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO AMEND JUDGMENT OR, IN THE ALTERNATIVE, FOR RELIEF FROM JUDGMENT

INTRODUCTION

A preliminary injunction issued by the U.S. District Court for the Western District of Washington has, for the moment, affected the parties' ability to implement their settlement agreement. Nevertheless, Plaintiffs have failed to establish that the Court should reopen the case in light of that preliminary injunction. First, Plaintiffs' motion pursuant to Rule 59 of the Federal Rules of Civil Procedure is untimely. Second, they are unable to demonstrate that "extraordinary circumstances" compel the relief they seek. Accordingly, the Court should deny Plaintiffs' motion to amend the judgment or, in the alternative, for relief from the judgment.

BACKGROUND

On June 29, 2018, the parties executed a settlement agreement "out of a mutual desire to resolve all of the claims in the case." *See* Settlement Agreement, ECF No. 97-1 at 1. Pursuant to the settlement, and as relevant here, Defendants agreed to the following:

> (a) Defendants' commitment to draft and to fully pursue, to the extent authorized by law (including the Administrative Procedure Act), the publication in the Federal Register of a notice of proposed rulemaking and final rule, revising USML Category I to exclude the technical data that is the subject of the Action.
>
> (b) Defendants' announcement, while the above-referenced final rule is in development, of a temporary modification, consistent with the . . . (ITAR), 22 C.F.R. § 126.2, of USML

1

>Category I to exclude the technical data that is the subject of the Action. The announcement will appear on the DDTC website, www.pmddtc.state.gov, on or before July 27, 2018.
>
>(c) Defendants' issuance of a letter to Plaintiffs on or before July 27, 2018, signed by the Deputy Assistant Secretary for Defense Trade Controls, advising that the Published Files, Ghost Gunner Files, and CAD Files are approved for public release (i.e., unlimited distribution) in any form and are exempt from the export licensing requirements of the ITAR because they satisfy the criteria of 22 C.F.R. § 125.4(b)(13). . . .
>
>(d) Defendants' acknowledgment and agreement that the temporary modification . . . permits any United States person, to include DD's customers and SAF's members, to access, discuss, use, reproduce, or otherwise benefit from the technical data that is the subject of the Action, and that the letter to Plaintiffs permits any such person to access, discuss, use, reproduce or otherwise benefit from the Published Files, Ghost Gunner Files, and CAD Files.

*Id.* at 1-2.

As of the date the parties executed the agreement, Defendants had drafted and issued a notice of proposed rulemaking consistent with term (a). *See* 83 Fed. Reg. 24,198 (May 24, 2018); 83 Fed. Reg. 24,166 (May 24, 2018). Further, and as Plaintiffs themselves acknowledge, Defendants complied with terms (b) and (c) on July 27, 2018. *See* Pls.' Mot. to Amend Judgment, ECF No. 117 ("Pls.' Mot.") at 6. Later on July 27, 2018, the parties filed a stipulation of dismissal with prejudice pursuant to Rule 41(a)(1)(A)(ii) and 41(a)(1)(B). ECF No. 112. On July 30, 2018, the Court entered an order providing that the case is dismissed with prejudice. ECF No. 113.

Also on July 30, 2018, a coalition of States and the District of Columbia filed suit in the U.S. District Court for the Western District of Washington, seeking to challenge the Government's actions regarding the CAD files at issue here. *See State of Wash., et al. v. U.S. Dep't of State, et al.*, No. 2:18-cv-1115-RSL (W.D. Wash.). On July 31, 2018, the U.S. District Court for the Western District of Washington entered a temporary restraining order against the Government, *State of Wash.*, ECF No. 12, and subsequently issued a preliminary injunction on

August 27, 2018, ECF No. 95, over the Government's objections. The district court in *Washington* enjoined the Government "from implementing or enforcing the 'Temporary Modification of Category I of the United States Munitions List' and the letter to Cody R. Wilson, Defense Distributed, and the Second Amendment Foundation issued by the U.S. Department of State on July 27, 2018," and ordered the Government to "preserve the status quo *ex ante* as if the modification had not occurred and the letter had not been issued until further order of the Court." *Id.* at 25. Based on the injunctive relief ordered by the district court in *Washington*, Defendants removed the announcement from DDTC's website and informed counsel for Plaintiffs that the letter to Mr. Wilson should be considered a nullity during the pendency of the injunction.

After the injunction issued in *Washington*, Plaintiffs here moved pursuant to Rule 59 to amend the judgment or, in the alternative, pursuant to Rule 60 for relief from the judgment. *See generally* Pls.' Mot.

## DISCUSSION

**I.     Plaintiffs' Rule 59 Motion Is Untimely.**

First, the Court should deny Plaintiffs' motion under Rule 59 because that motion is not properly before the Court. Pursuant to Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). As the Fifth Circuit has explained, "[t]he district court is powerless to rule on an untimely Rule 59(e) motion." *Vincent v. Consol. Operating Co.*, 17 F.3d 782, 785 (5th Cir. 1994).

Here, Plaintiffs appear to have based their motion on the Court's July 30, 2018 Order dismissing the case rather than the parties' stipulation of dismissal. *See generally* Pls.' Mot. (filed August 27, 2018, 28 days after July 30, 2018). But "[u]nder Rule 41(a)(1)(A)(ii), it is clear that the parties to a case may enter into a settlement agreement, sign and file a stipulation of

3

dismissal with the district court, and the dismissal will be effective upon filing notwithstanding any other action by the district court." *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 462 (5th Cir. 2010). Thus the Court's Order dismissing the case "ha[s] no force or effect," particularly where, as here, "the effectiveness of the Stipulation was not expressly contingent upon the district court's signature and entry of the Order." *Id.* at 463 ("Any dismissal order entered by a district court after the filing of a voluntary dismissal is 'superfluous.'" (quoting *Meinecke v. H & R Block of Houston*, 66 F.3d 77, 82 (5th Cir. 1995))). Accordingly, the deadline by which Plaintiffs could file their Rule 59 motion was 28 days after the parties filed the stipulation of dismissal, i.e., August 24, 2018, and so their August 28, 2018 motion is untimely. *See Williams v. Sorrells*, No. 3:15-cv-351, 2015 WL 9582904, at *5 (N.D. Tex. Nov. 24, 2015), *report and recommendation adopted*, 2015 WL 9582148 (N.D. Tex. Dec. 28, 2015) (holding Rule 59 motion was untimely based on date of stipulation of dismissal, rather than date of dismissal order). The Court should therefore deny Plaintiffs' Rule 59 motion on this basis alone.

## II. Plaintiffs Have Not Demonstrated Extraordinary Circumstances Such That Reopening The Case Is Warranted.

Whether considered under Rule 59(e) or Rule 60(b), Plaintiffs' motion also fails on the merits. *See Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998) (explaining that "a court may treat an untimely Rule 59(e) motion to alter or amend the judgment as if it were a Rule 60(b) motion if the grounds asserted in support of the Rule 59(e) motion would also support Rule 60(b) relief." (citation omitted)). According to Plaintiffs, allowing the withdrawal of their stipulation and vacating the judgment are warranted due to "extraordinary circumstances and in order to prevent a manifest injustice," Pls.' Mot. at 2, i.e., "because the parties proceeded under an 'honest mistake' . . . that a settlement would resolve the dispute without the need for a

4

judgment codifying its obligations," *id.* at 12 (internal quotation marks and citations omitted). This argument, however, is unpersuasive.

Rule 60(b) provides multiple grounds on which a court "may relieve a party or its legal representative from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b).  The sixth and final ground allows such relief for "any other reason that justifies [it]." Fed. R. Civ. P. 60(b)(6). As the Fifth Circuit has recently reiterated, this "catch-all provision . . . is 'mutually exclusive' with the rule's other clauses and extends relief only in 'extraordinary circumstances.'" *Nat'l City Golf Fin. v. Scott*, No. 17-60283, 2018 WL 3767318, at *6 (5th Cir. Aug. 9, 2018) (quoting *Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002)); *see also Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993) ("As for a motion under clause (6), the movant must show 'the initial judgment to have been manifestly unjust'" (quoting *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990))).[1]

Plaintiffs cannot demonstrate that such "extraordinary circumstances" are present here. The crux of their argument is that "[u]nforseeable events"—that is, the *Washington* litigation— "have jeopardized the settlement agreement." Pls.' Mot. at 2.  But Plaintiffs entered into a settlement agreement, negotiated at arm's length, with the understanding that the agreement required Defendants to undertake actions potentially subject to review under the Administrative Procedure Act, as expressly recognized in term (a).  *See* ECF No. 97-1 at 1-2.  And Plaintiffs do not allege that the Government itself has violated any term of the agreement, that it somehow

---

[1] Rule 60(b)(1) provides relief from a judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).  Plaintiffs do not appear to advance their claim under this subsection, notwithstanding their reference to an alleged "mistake" between the parties.  *See* Pls.' Mot. at 12.  Nor could they.  *See Nat'l City Golf Fin.*, 2018 WL 3767318, at *4 (defendant's mistake regarding potential consequences of settlement "does not suffice" under Rule 60(b)(1)).

misrepresented the possibility that its actions would be challenged in a second forum, or that it otherwise failed to fulfill its duties under the settlement agreement. *See, e.g.*, Pls.' Mot. at 11 ("This is not a run-of-the-mill case where one side has reneged on a settlement agreement."). While Rule 60(b)(6) confers broad power on a district court, that rule "is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made." *Edward H. Bohlin Co.*, 6 F.3d at 357 (citing *United States v. O'Neil*, 709 F.2d 361, 373 n.12 (5th Cir. 1983)). *See Holland v. Virginia Lee Co., Inc.*, 188 F.R.D. 241, 252-56 (W.D. Va. 1999) ("When the parties make free, bilateral decisions to settle, each bears the risk of litigation equally, and a failure to properly estimate the loss of or gain from entering a settlement agreement is not an extraordinary circumstance that justifies relief under Rule 60(b)(6)."); *see also Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579-80 (10th Cir. 1996) ("The only event not contemplated by Defendants was that the district court would disagree with their proffered interpretation of the settlement agreement, and that is not the kind of intervening event contemplated by Rule 60(b)(6)."). The Government has, thus far, fully complied with the settlement agreement, except to the extent that they have complied with the court order in the *Washington* litigation. Plaintiffs' failure to understand the ramifications of the decision to settle is therefore insufficient to warrant relief under Rule 60(b)(6). *Cf. In re Pettle*, 410 F.3d 189, 193 (5th Cir. 2005) (holding Rule 60(b)(6) motion was properly denied where movant "made a specific choice to voluntarily request dismissal of his case with prejudice without fully understanding the consequences of his decision on his state court action"). Further—and notwithstanding their claim that they "have exhausted every possible avenue of relief in the court that is causing the legal jeopardy," Pls.' Mot. at 12— Plaintiffs can continue to protect their interests by appealing the preliminary injunction entered by the district court in *Washington* to the Ninth Circuit. *See Edward H. Bohlin Co.*, 6 F.3d at

357 (upholding denial of Rule 60(b) motion and noting that "[a] party remains under a duty to take legal steps to protect his own interests." (citation omitted)).[2]

The cases relied on by Plaintiffs do not advance their argument. First, Plaintiffs cite four cases regarding "requests to withdraw stipulations of dismissal." Pls.' Mot. at 5 n.2. But in three of these four cases, courts denied Rule 60(b) motions, which only undermines Plaintiffs' argument. *See Yeldon v. Crouch*, No. 9:12-cv-1564, 2016 WL 4126384, at *4 (N.D.N.Y. Apr. 4, 2016), *report and recommendation adopted sub nom. Yeldon v. Caulkin*, No. 9:12-CV-1564 (N.D.N.Y. Aug. 2, 2016) (denying plaintiff's Rule 60(b) motion because plaintiff was "represented by competent counsel, and recognizing his poor prospects for success at trial, executed a clear and unambiguous written settlement agreement on the record, in open court"); *Kinney v. U.S. Gov't USDA Forest Serv.*, No. 1:12-CV-01008, 2014 WL 12788960, at *2-4 (D.N.M. Aug. 14, 2014) (denying plaintiff's Rule 60 motion and finding inadequate her allegations of mistreatment by opposing counsel); *Domestic Fabrics Corp. v. Sears, Roebuck & Co.*, 325 F. Supp. 2d 612, 613 (E.D.N.C. 2003) (noting that the court had previously denied defendant's motion to withdraw stipulations). Additionally, the fourth case did not concern, as here, an attempt to withdraw a valid stipulation following a good faith settlement agreement; rather, it involved a "notice of dismissal [that] did not comply with the requirements of Rule 41 and [] evidence of a joint stipulation [that] is not clear and unambiguous." *Kabbaj v. Am. Sch. of Tangier*, 445 F. App'x 541, 545 (3d Cir. 2011).

Nor does *Russell-Miller Mill. Co. v. Todd*, 198 F.2d 166, 169 (5th Cir. 1952), cited in Pls.' Mot. at 12, establish that the parties have made an "honest mistake" warranting judicial

---

[2] Defendants are considering their own options for appeal under the appropriate established procedures, pursuant to which the decision whether to appeal is committed to the Solicitor General. *See* 28 C.F.R. 0.20(b).

intervention pursuant to Rule 60.  In that case, the Fifth Circuit determined that plaintiff's counsel had entered into a stipulation based on a mistake about the existence of certain evidence.  *Id.*  Accordingly, the Circuit Court concluded that "justice requires that plaintiff be permitted to revoke the stipulation and prove the actual amount due by competent evidence."  *Id.*  Here, by contrast, no evidence or argument regarding the parties' cases was overlooked; indeed, the parties' expectations regarding Defendants' notice of proposed rulemaking provided additional information about the regulatory landscape in which they were litigating.  Further, since *Todd* was decided in 1952, courts have narrowed the circumstances under which mistake of counsel provides a basis for relief under Rule 60.  *E.g.*, *Brown v. Louisiana State Senate*, No. 11-cv-620, 2013 WL 5603232, at *2 (M.D. La. Oct. 11, 2013) ("[T]he mistakes of counsel, who is the legal agent of the client, are chargeable to the client, no matter how 'unfair' this on occasion may seem." (internal quotation marks and citations omitted)).

Relying on *Central Distributors, Inc. v. M.E.T., Inc.*, 403 F.2d 943, 946 (5th Cir. 1968), Plaintiffs next attempt to argue that their alleged "right to withdraw this stipulation is supported by the dispositive nature of the dismissal."  Pls.' Mot. at 13.  But courts regularly deny Rule 60(b) motions, regardless of the "dispositive nature" of the stipulation at issue.  *E.g.*, *Nat'l City Golf Fin.*, 2018 WL 3767318.  Moreover, *Central Distributors* is inapposite.  There, the Fifth Circuit held that a district court should have permitted a party to amend a stipulation, where the effect of the district court's ruling was to effectively prohibit a party from presenting its case.  *Cent. Distributors*, 403 F.2d at 946 ("The exclusion of these records from evidence on the basis that they were not listed as exhibits in the pre-trial stipulation was critical and decisive.  This ruling, if allowed to stand, effectively bars a meaningful examination of the only real issues present.").  Here, however, Plaintiffs can point to no ruling that has prevented them from

presenting arguments or evidence to the Court; rather, both parties have fulsomely briefed their positions and submitted extensive evidence at the preliminary injunction stage.[3]

Plaintiffs fare no better by invoking "the substantial public importance of this case's constitutional questions." Pls.' Mot. at 14. Again, courts have not hesitated to deny Rule 60(b) motions in cases involving constitutional issues. *E.g.*, *Ware v. Texas Workforce Comm'n*, No. 1:07-cv-198-C, 2009 WL 10703173, at *1-2 (N.D. Tex. Mar. 31, 2009) (denying Rule 60(b) motion in case involving First Amendment retaliation claim); *Plummer v. Plunkett*, No. 04-cv-4552, 2007 WL 412192, at *1 (S.D. Tex. Jan. 31, 2007) (denying Rule 60(b) motion, which argued that "several grounds for relief provided in Rule 60(b) are presently applicable because [plaintiff's] criminal conviction is unlawful under the double jeopardy clause of the Fifth Amendment"). Further, the stipulations in the case cited by Plaintiffs involved defects not present here. *See United States v. Texas*, 680 F.2d 356, 370-71 (5th Cir. 1982), cited in Pls.' Mot. at 14 (holding court should have permitted party to withdraw stipulations where "they went beyond the authority expressly conferred on counsel and were entered into without the clients' consent," where they "essentially settled the case, again without authority from the clients, thereby imposing a manifest injustice on the State of Texas and denying its rights to an adversary proceeding," and where "the stipulations were too conclusory to warrant a factual determination of historical discrimination").

---

[3] Plaintiffs also rely on *Central Distributors* when referencing the need to avoid "the sporting theory of justice." Pls.' Mot. at 14. That theory is implicated when "minor pleading errors deprived litigants with legitimate claims of their day in a federal court." *Honeycutt v. Long*, 861 F.2d 1346, 1356 (5th Cir. 1988) (Brown, J., dissenting in part and concurring in part). Here, no "minor pleading errors" are at issue, and Plaintiffs have had their day in both this Court and the Fifth Circuit. The sporting theory of justice thus plainly does not apply.

Finally, Plaintiffs rely on cases where courts have considered a Rule 60(b) motion in the context of a party's repudiation of a settlement agreement.  Pls.' Mot. at 15 (citing, *inter alia*, *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 605 (5th Cir. 1986).  But Plaintiffs do not contend that Defendants have breached or repudiated the settlement agreement.  To the contrary, Plaintiffs state expressly that "[t]his is not a run-of-the-mill case where one side has reneged on a settlement agreement," Pls.' Mot. at 11, and they acknowledge that "both the Plaintiffs and Defendants remain committed to the settlement agreement's obligations," *id.* at 2; *see also id.* at 6 (noting that Defendants performed as required under the settlement agreement). Indeed, Defendants ceased implementing the agreement only when ordered to do so by the district court in *Washington*, in an order entered over the objections of Defendants, and Plaintiffs do not, and cannot, argue that Defendants should have disobeyed that order.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion pursuant to Rule 59 to amend the judgment or, in the alternative, pursuant to Rule 60 for relief from the judgment.

Dated: September 12, 2018                    Respectfully submitted,

                                             JOSEPH H. HUNT
                                             Assistant Attorney General
                                             Civil Division

                                             ANTHONY J. COPPOLINO
                                             Deputy Branch Director
                                             Federal Programs Branch

                                             */s/ Stuart J. Robinson*
                                             ERIC J. SOSKIN
                                             Pennsylvania Bar No. 200663
                                             Senior Trial Counsel
                                             STUART J. ROBINSON
                                             California Bar No. 267183
                                             Trial Attorney
                                             United States Department of Justice

          Civil Division, Federal Programs Branch
          450 Golden Gate Ave.
          San Francisco, CA 94102
          Phone: (415) 436-6635
          Fax: (415) 436-6632
          Email: stuart.j.robinson@usdoj.gov

          *Attorneys for U.S. Government Defendants*

## CERTIFICATE OF SERVICE

      I certify that on September 12, 2018, I electronically filed this document with the Clerk of Court using the CM/ECF system, which will send notification to counsel of record.

*/s/ Stuart J. Robinson*
STUART J. ROBINSON
