IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § | 1:15-CV-372-RP |
| U.S. DEPARTMENT OF STATE, et al., | § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is Plaintiffs' Motion to Amend Judgment, (Mot., Dkt. 117), Defendants' Response in Opposition to Motion, (Resp., Dkt. 125), and Plaintiffs' Reply to Response to Motion, (Dkt. 132). Plaintiffs request that the Court vacate its order dismissing this case with prejudice. (Dkt. 113). Having considered the parties' submissions and applicable law, the Court denies Plaintiffs' motion.

**I. BACKGROUND**

Plaintiffs and Defendants entered into a Settlement Agreement on June 29, 2018. (Mot., Dkt. 117, at 6; Resp., Dkt. 125, at 1). Pursuant to this settlement agreement, the parties filed with the Court a stipulation of dismissal of this action with prejudice on July 27, 2018. (Stip., Dkt. 112). On July 30, 2018, the Court entered an order dismissing this action with prejudice. (Dkt. 113). That same day, several States and the District of Columbia filed suit in the United States District Court for the Western District of Washington, alleging that the State Department had "violated the Administrative Procedure Act (APA) and the Tenth Amendment of the U.S. Constitution." (Mot., Dkt. 117, at 7). The Western District of Washington entered a temporary restraining order, and subsequently a preliminary injunction, enjoining the Government from implementing certain provisions of the parties' settlement agreement. While the injunction remains in effect, the parties

may not perform some of the obligations set forth in their settlement agreement. It is on this basis that Plaintiffs request that the Court vacate its order of dismissal. (Mot., Dkt. 117, at 4).

## II. DISCUSSION

Plaintiffs request relief under Federal Rules of Civil Procedure 59(e) and 60(b). Specifically, Plaintiffs argue that the Court should vacate the current judgment of dismissal because allowing the judgment to stand would result in "manifest injustice." (*Id.* at 3, 14).

Rule 59(e) permits a court to alter or amend a judgment "to prevent a manifest injustice." *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Similarly, Rule 60(b)(6) permits a court to relieve a party from a final judgment to avoid manifest injustice in "extraordinary circumstances." *Nat'l City Golf Fin. v. Scott*, 2018 WL 3767318, at *6 (5th Cir. Aug. 9, 2018); *Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013).

The crux of Plaintiffs' argument is that the Western District of Washington's preliminary injunction is an "extraordinary and unforeseeable" occurrence "resulting [in] injustice" because it has "jeopardized the settlement agreement." (Mot., Dkt. 117, at 2). As explained below, Plaintiffs have not demonstrated that they are entitled to the relief they seek.

### A. Plaintiffs' Motion is Timely

Before addressing the merits of Plaintiffs' motion, the Court considers whether Plaintiffs' motion is timely. Defendants assert that the motion is untimely and should therefore be denied. (Resp., Dkt. 125, at 3). Under Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." Fed. R. Civ. P. 59(e). The parties filed their stipulation of dismissal on July 27, 2018. (Stip., Dkt. 112). The Court entered an order dismissing this case on July 30, 2018. (Dkt. 113). Plaintiffs filed the instant motion on August 27, 2018, (Mot.,

2

Dkt. 117)—twenty-eight (28) days after the Court's order dismissing this case but thirty-one (31) days after the parties filed their stipulation of dismissal. Defendants assert that Rule 59(e)'s 28-day window opened the day the parties filed the stipulation of dismissal, (Resp., Dkt. 125, at 4); Plaintiffs assert that the window opened when the Court entered the order dismissing the case, (Reply, Dkt. 132, at 4). Plaintiffs have the better argument.

Rule 59(e) provides that "[a] motion to alter or amend a *judgment* must be filed no later than 28 days after *the entry of the judgment*." Fed. R. Civ. P. 59(e) (emphasis added). A "judgment" under the Federal Rules "includes a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). A stipulated dismissal is not a "judgment" of the court. "Stipulated dismissals under Rule 41(a)(1)(A)(ii) . . . require no judicial action or approval and are effective immediately upon filing." *Yesh Music,* 727 F.3d at 362. Thus, "any action by the district court after the filing of such a stipulation can have no force or effect because the matter has already been dismissed by the parties themselves without *any* court action." *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 463 (5th Cir. 2010) (emphasis added). In other words, the parties' stipulated dismissal involved no action by this Court—and consequently no decree, order, or judgment of any kind. Parties may file stipulations, but it is the Court that enters a judgment. Before the Court entered its order dismissing the case, there was not yet a judgment to alter or amend.

Accordingly, it is the Court's order dismissing this case, not the parties' stipulation of dismissal, that triggers Rule 59(e)'s 28-day window for a motion to alter or amend a judgment of the Court. Plaintiffs' motion was therefore timely filed.

### B. The Circumstances of this Case Do Not Warrant Vacating Dismissal

Turning to the merits, Plaintiffs' arguments rely on the assertion that the injunction entered by the Western District of Washington was unforeseeable. (Mot., Dkt. 117, at 7; Reply, Dkt. 132, at 2). More specifically, it is the *effect* of the injunction that was unforeseeable—namely, that the parties'

settlement agreement "has been rendered a legal nullity." (Mot., Dkt. 117, at 11). Defendants counter, and Plaintiffs do not dispute, that "Plaintiffs entered into a settlement agreement, negotiated at arm's length, with the understanding that the agreement required Defendants to undertake actions potentially subject to review under the Administrative Procedure Act, as expressly recognized" in the terms of the settlement agreement. (Resp., Dkt. 125, at 5). On these facts, the Court finds that an injunction on the performance of the terms of the settlement agreement was reasonably foreseeable.

The Court's power to grant a party relief from judgment "is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made." *Edward H. Bohlin Co.*, 6 F.3d 350, 357 (5th Cir. 1993). The express terms of the settlement agreement reflect that the parties anticipated potential review of the terms of the agreement under the Administrative Procedure Act (APA). It is reasonably foreseeable that a court reviewing government action for compliance with the APA might enjoin performance of the challenged action during the pendency of litigation. This is common practice.[1]

Plaintiffs' arguments to the contrary do not pertain to whether it was foreseeable that the terms of the settlement agreement would be rendered temporarily unenforceable. Plaintiffs argue

---

[1] *See, e.g., L.V.M. v. Lloyd*, 318 F. Supp. 3d 601, 621 (S.D.N.Y. 2018) (entering preliminary injunction ordering federal government defendants to vacate the Office of Refugee Resettlement director review policy until further order of the court); *Medina v. U.S. Dep't of Homeland Security*, 313 F. Supp. 3d 1237, 1252 (W.D. Wash. 2018) (granting preliminary injunction enjoining federal government from terminating plaintiff's Deferred Action for Childhood Arrivals (DACA) status); *California v. Health & Human Servs.*, 281 F. Supp. 3d 806, 813–14 (N.D. Cal. 2017) (granting nationwide preliminary injunction on implementing contraceptive coverage exemptions); *Pennsylvania v. Trump*, 281 F. Supp. 3d 553, 585 (E.D. Pa. 2017) (same); *Franciscan Alliance, Inc. v. Burwell*, 227 F. Supp. 3d 660, 696 (N.D. Tex. 2016) (enjoining enforcement of regulation prohibiting discrimination on the basis of gender identity and termination of pregnancy as violating the APA); *Texas v. U.S.*, 201 F. Supp. 3d 810, 836 (N.D. Tex. 2016) (granting nationwide preliminary injunction to coalition of states enjoining federal government from enforcing guidelines that students should be able to use bathrooms aligned with their gender identity rather than biological sex); *Texas v. U.S.*, 86 F. Supp. 3d 591, 677 (S.D. Tex. 2015) (granting nationwide preliminary injunction enjoining implementation of the Deferred Action for Parents of Americans and Lawful Permanent Residents (DAPA) program and expansion of DACA program); *Hornbeck Offshore Servs., LLC v. Salazar*, 696 F. Supp. 2d 627, 639 (E.D. La. 2010) (enjoining federal government from enforcing deepwater oil drilling moratorium); *Lazaro v. U.S. Dep't of Agriculture*, 186 F. Supp. 2d 1203, 1219 (M.D. Fla. 2001) (enjoining federal government from disqualifying store from participation in Food Stamp Program); *Seaboard World Airlines, Inc. v. Gronouski*, 230 F. Supp. 44, 47 (D.D.C. 1964) (enjoining Postmaster General from enforcing new overseas air mail transportation policy until further order of the court).

that the injunction (1) "warps Article III and the Supremacy Clause by granting states standing to sue for a takeover of the federal government"; and (2) the injunction "renders an extreme holding on the merits." (Mot., Dkt. 117, 8–9).[2] These arguments do not address the foreseeability of non-enforcement. At best, Plaintiffs seem to suggest that particular aspects of the Washington injunction—its nationwide character and the fact that it was sought by several States—were unforeseeable, not that *the fact of* enjoinment was unforeseeable. As noted, Plaintiffs expressly contemplated APA review of the settlement agreement. (Resp., Dkt. 125, at 5). And in any event, prior to Plaintiffs entering into the settlement agreement, individual States or coalitions of States had already secured several nationwide injunctions. *See, e.g.*, *California v. Health & Human Servs.*, 281 F. Supp. 3d 806, 813–14 (N.D. Cal. 2017) (granting nationwide preliminary injunction on implementing contraceptive coverage exemptions); *Franciscan Alliance, Inc. v. Burwell*, 227 F. Supp. 3d 660, 696 (N.D. Tex. 2016) (granting nationwide preliminary injunction enjoining enforcement of regulation prohibiting discrimination on the basis of gender identity and termination of pregnancy); *Texas v. U.S.*, 201 F. Supp. 3d 810, 836 (N.D. Tex. 2016) (granting nationwide preliminary injunction enjoining federal government from enforcing guidelines that students be permitted to use bathrooms aligned with their gender identity rather than biological sex); *Texas v. U.S.*, 86 F. Supp. 3d 591, 677 (S.D. Tex. 2015) (granting nationwide preliminary injunction enjoining implementation of the Deferred Action for Parents of Americans and Lawful Permanent Residents (DAPA) program and expansion of DACA program); *Washington v. Trump*, 2017 WL 462040, at *3 (W.D. Wash. 2017) (issuing nationwide temporary restraining order prohibiting enforcement of January 27, 2017 Executive Order entitled "Protecting the Nation from Foreign National Terrorist Entry into the United States"). The possibility of a nationwide injunction was certainly foreseeable.

---

[2] To the extent that Plaintiffs challenge the particular merits of the Washington Court's injunction, such a challenge is not apposite or appropriate here. The proper forum for those challenges is the Ninth Circuit Court of Appeals.

Plaintiffs' remaining arguments are similarly unpersuasive. Plaintiffs argue that this case should be reopened because the parties made an "honest mistake" in assuming that the settlement agreement "would resolve the dispute without the need for a judgment codifying its obligations." (Mot., Dkt. 117, at 12). Plaintiffs' cited authority for the "honest mistake" rule involves a stipulation in which one party's counsel was not apprised of facts important to the decision to enter into the stipulation. *Russell-Miller Mill. Co. v. Todd*, 198 F.2d 166, 169 (5th Cir. 1952). That is not the case here. The terms of the settlement agreement reflect that Plaintiffs were well aware of the regulatory landscape in which the parties were litigating, and Plaintiffs have not offered any evidence suggesting they were laboring under the kind of information asymmetry at issue in *Todd*. Thus, applicable here is the well-established principle that Rule 60(b) "was not intended to relieve [a party] of the consequences of decisions deliberately made, although subsequent events reveal that such decisions were unwise." *National City Golf Finance v. Scott*, 899 F.3d 412, 418 (5th Cir. 2018) (quoting *Fed.'s Inc. v. Edmonton Inv. Co.*, 555 F.2d 577, 583 (6th Cir. 1977)); *see also Pettle v. Bickham*, 410 F.3d 189, 193 (5th Cir. 2005) ("Where a party makes a considerable choice . . . he cannot be relieved of such a choice because hindsight seems to indicate to him that, as it turns out his decision was probably wrong.") (quoting *Paul Revere Variable Annuity Ins. Co. v. Zang*, 248 F.3d 1, 6 (1st Cir. 2001)). Plaintiffs' "honest mistake" argument is unavailing.

Next, Plaintiffs contend that the Court's dismissal should be vacated due to the dismissal's dispositive nature. (Mot., Dkt. 117, at 13). But Plaintiffs' cited authority, *Central Distributors, Inc., v. M. E. T. Inc.*, does not stand for Plaintiffs' proposition; it stands for the proposition that a pre-trial stipulation should be withdrawn when necessary to permit the consideration of "critical and decisive" evidence at trial—a situation not applicable here. 403 F.2d 943, 946 (5th Cir. 1968). Contrary to Plaintiffs' assertion, courts regularly deny Rule 60(b) motions regardless of the

dispositive nature of a stipulation. *See Nat'l City Golf Fin.*, 899 F.3d at 414, 420. This argument is therefore also unavailing.

Similarly, Plaintiffs argue that withdrawal of the stipulation is supported "by the substantial public importance of this case's constitutional questions." (Mot., Dkt. 117, at 14). But again, courts regularly deny relief from judgment in cases raising constitutional questions. *See Ware v. Texas Workforce Comm'n*, 2009 WL 10703173, at *1–2 (N.D. Tex. Mar. 31, 2009); *Plummer v. Plunkett*, 2007 WL 412192, at *1 (S.D. Tex. Jan. 31, 2007). Moreover, Plaintiffs cite no authority for the proposition that the constitutional dimensions of a case support relief under Rule 59(e) or Rule 60(b).

Plaintiffs' remaining arguments are that withdrawal of the stipulation is warranted because Defendants are federal government entities and officials; that no prejudice will result from withdrawing the stipulation; and that it is equitable to withdraw the stipulation. (Mot., Dkt. 117, at 13–14). The Court does not find that these factors entitle Plaintiffs to the "extraordinary remedy" of reconsideration of a judgment. *Templet,* 367 F.3d at 479.

### III. CONCLUSION

Plaintiffs have not demonstrated that "manifest injustice" will result by allowing the Court's order of dismissal to stand. Accordingly, for the reasons stated above, Plaintiffs' Motion to Amend Judgment is **DENIED**.

**SIGNED** on October 22, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE