IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**FILED**
January 21, 2020
Lyle W. Cayce
Clerk

No. 18-50811

D.C. Docket No. 1:15-CV-372

DEFENSE DISTRIBUTED; SECOND AMENDMENT FOUNDATION, INCORPORATED,

    Plaintiffs - Appellants

CONN WILLIAMSON

    Appellant

v.

UNITED STATES DEPARTMENT OF STATE; MIKE POMPEO, SECRETARY, U.S. DEPARTMENT OF STATE; DIRECTORATE OF DEFENSE TRADE CONTROLS, Department of State Bureau of Political Military Affairs,

    Defendants - Appellees

Appeals from the United States District Court
for the Western District of Texas

Before WIENER, HIGGINSON, and HO, Circuit Judges.

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

IT IS FURTHER ORDERED that appellants pay to appellees the costs on appeal to be taxed by the Clerk of this Court.

**A True Copy**
**Certified order issued Mar 16, 2020**

*Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**FILED**
January 21, 2020
Lyle W. Cayce
Clerk

No. 18-50811

DEFENSE DISTRIBUTED; SECOND AMENDMENT FOUNDATION, INCORPORATED,

        Plaintiffs - Appellants

CONN WILLIAMSON

        Appellant

v.

UNITED STATES DEPARTMENT OF STATE; MIKE POMPEO, SECRETARY, U.S. DEPARTMENT OF STATE; DIRECTORATE OF DEFENSE TRADE CONTROLS, Department of State Bureau of Political Military Affairs,

        Defendants - Appellees

Appeals from the United States District Court
for the Western District of Texas

Before WIENER, HIGGINSON, and HO, Circuit Judges.

JAMES C. HO, Circuit Judge:

    Plaintiffs are Second Amendment advocates who wish to publish plans for how to assemble a firearm using a 3D printer. They brought this suit to prevent the State Department from blocking their efforts. After settling with the State Department, Plaintiffs voluntarily dismissed this suit.

Case: 18-50811  Document: 00515345717  Page: 2  Date Filed: 03/16/2020
Case 1:15-cv-00372-RP  Document 142  Filed 03/16/20  Page 3 of 8

No. 18-50811

Plaintiffs now seek to revive their Texas suit under Federal Rule of Civil Procedure 59(e). They do so in response to a nationwide injunction against enforcement of the settlement issued by the Western District of Washington.

But Rule 59(e) authorizes motions to alter or amend judgments—not to revive lawsuits. Accordingly, we decline the request of the Second Amendment advocates and affirm.

## I.

Plaintiff Defense Distributed is a non-profit Texas company that promotes the Second Amendment's individual right to keep and bear arms. It developed plans for assembling a firearm, known as the "Liberator," using a 3D printer, and sought to publish those plans on the internet. The company is joined in this lawsuit by Plaintiffs Second Amendment Foundation, Inc. and Conn Williamson, who also promote the right to keep and bear arms through various efforts.

The State Department administers and enforces the Arms Export Control Act of 1976, 22 U.S.C. § 2778, and its implementing regulations, the International Traffic in Arms regulations, 22 C.F.R. § 120.1(a). The Department ordered Defense Distributed not to publish its plans on the ground that federal regulations prohibit their publication without the government's prior approval.

In response, Plaintiffs sued the State Department, the Secretary of State, and other senior State Department officials in the Western District of Texas. After the district court denied preliminary injunctive relief, this court affirmed, and the Supreme Court denied certiorari, the district court ordered the parties to discuss settlement. The parties subsequently entered a settlement agreement that effectively permitted Plaintiffs to publish the plans.

A month later, three gun-control organizations filed an emergency motion to intervene challenging the settlement agreement as unlawful under

Case: 18-50811 Document: 00515345717 Page: 3 Date Filed: 03/16/2020
Case 1:15-cv-00372-RP Document 142 Filed 03/16/20 Page 4 of 8

No. 18-50811

the Administrative Procedure Act. The district court denied the motion to intervene.

The parties then filed a stipulation of dismissal of the entire suit under Rule 41(a)(1)(A)(ii). In doing so, the parties did not ask the court to retain jurisdiction over the settlement agreement.[1]

A few days later, the district court purported to enter a final judgment acknowledging the voluntary dismissal and then dismissing the case with prejudice. But as we shall explain below, the district court did not have jurisdiction to issue that judgment. The court lost jurisdiction when the parties voluntarily dismissed the entire suit under Rule 41(a)(1)(A)(ii).

On the same day that the Western District of Texas entered the purported final judgment in the Texas suit, the state of Washington, joined by eighteen other states and the District of Columbia, filed a lawsuit in the Western District of Washington seeking to enjoin the settlement agreement as a violation of the Administrative Procedure Act and the Tenth Amendment of the U.S. Constitution. The district court in Washington quickly issued a temporary restraining order against the State Department. That same court then issued a preliminary injunction enjoining the State Department from implementing or enforcing certain provisions of the settlement agreement.

In response to the Washington suit, Plaintiffs sought to vacate the judgment accompanying the stipulated dismissal in the Texas suit, withdraw the stipulation of dismissal, and reopen the case. Plaintiffs relied on Federal

---

[1] If the parties had wanted to, they could have asked the district court to retain jurisdiction—for example, to oversee enforcement of a settlement agreement. *See Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 430 (5th Cir. 2002) ("The Court specified two ways in which a court may make a settlement agreement part of its dismissal order: 'either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order.'") (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.* 511 U.S. 375, 381 (1994)).

3

Case: 18-50811 Document: 00515345717 Page: 4 Date Filed: 03/16/2020
Case 1:15-cv-00372-RP Document 142 Filed 03/16/20 Page 5 of 8

No. 18-50811

Rule of Civil Procedure 59(e), as well as Rule 60(b). The district court denied the motions. Plaintiffs appealed the denial of their Rule 59(e) motion.

This court reviews the denial of a Rule 59(e) motion for abuse of discretion. *In re Life Partners Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019). Relief under Rule 59(e) may issue only if Plaintiffs demonstrate "a manifest error of law or fact or . . . newly discovered evidence." *Id.*

## II.

Rule 59(e) allows a party to "alter or amend a judgment." FED. R. CIV. P. 59(e). It does not allow a party to revive and initiate further proceedings in a dismissed lawsuit. So Plaintiffs' Rule 59(e) motion must fail for that reason alone.

Moreover, there is no "judgment" when the parties voluntarily dismiss the entire case under Rule 41(a)(1)(A)(ii). Under Rule 41(a)(1)(A), a stipulation of dismissal operates to dismiss the action "without a court order." FED. R. CIV. P. 41(a)(1)(A). And "[a] stipulation of dismissal under that rule ordinarily— and automatically—strips the district court of subject-matter jurisdiction" over the dismissed action. *Nat'l City Golf Fin. v. Scott*, 899 F.3d 412, 415–16 (5th Cir. 2018).

So the district court here had no jurisdiction to enter final judgment in this case. Under Rule 41, "a district court's jurisdiction over a case that is settled and voluntarily dismissed by stipulation cannot extend past the filing date absent an express contingency or extension of jurisdiction." *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 461 (5th Cir. 2010). Any actions taken after that filing are accordingly "superfluous." *Id.* (quoting *Meinecke v. H & R Block of Houston*, 66 F.3d 77, 82 (5th Cir. 1995)).

4

Case: 18-50811 Document: 00515345717 Page: 5 Date Filed: 03/16/2020
Case 1:15-cv-00372-RP Document 142 Filed 03/16/20 Page 6 of 8

No. 18-50811

## III.

Even if we were to conclude that the district court had jurisdiction to issue the judgment, and that the Rule 59(e) motion was timely and otherwise appropriate in this context, we would still have no choice but to affirm.

Rule 59(e) motions "are for the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence." *Faciane v. Sun Life Assurance Co. of Canada*, 931 F.3d 412, 423 (5th Cir. 2019). District courts have "considerable discretion in deciding whether to reopen a case under Rule 59(e)." *Edward H. Bohlin Co. v. The Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

Plaintiffs contend that relief under Rule 59(e) is warranted because they could not have foreseen the Washington lawsuit—and that the resulting national injunction unjustly interferes with the rights they sought to vindicate in this very suit. But be that as it may, Rule 59(e) does not authorize courts to grant relief under these circumstances. The initiation and prosecution of the Washington suit did not render any action by the district court in Texas erroneous, let alone manifestly erroneous. Accordingly, we cannot say that the district court abused its discretion in denying relief under Rule 59(e).[2]

---

[2] Plaintiffs also sought relief from the district court under Rule 60(b). But they do not present Rule 60(b) as an alternative basis for relief on appeal. And for good reason: Rule 60(b)(1) provides for relief resulting from mistake, inadvertence, surprise, or excusable neglect—not to redress "the consequences of decisions deliberately made, although subsequent events reveal that such decisions were unwise." *Nat'l City Golf*, 899 F.3d at 418. Nor do any of the remaining subsections of Rule 60(b) apply. *See, e.g.*, *Edward H. Bohlin Co.*, 6 F.3d at 357 (reserving relief under 60(b)(6) for when "the initial judgment [has been shown] to have been manifestly unjust").

No. 18-50811

\* \* \*

Plaintiffs are undoubtedly sincere in their belief that the government interfered with their constitutional rights by forbidding them from publishing information about assembling the Liberator firearm to fellow citizens—as evidenced by the settlement agreement they were able to obtain from the State Department. And they are understandably frustrated by the nationwide injunction that stands in their way today. But established rules of civil procedure do not permit this court to grant the relief they seek here. We affirm.

# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

March 16, 2020

Ms. Jeannette Clack
Western District of Texas, Austin
United States District Court
501 W. 5th Street
Austin, TX 78701-0000

    No. 18-50811   Defense Distributed, et al v. U.S. Dept. of State, et al
                         USDC No. 1:15-CV-372

Dear Ms. Clack,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                        Sincerely,

                        LYLE W. CAYCE, Clerk

                        By: _____
                        Roeshawn Johnson, Deputy Clerk
                        504-310-7998

cc:  Mr. Daniel J. Aguilar
     Mr. Joshua Michael Blackman
     Mr. Chad Flores
     Mr. Matthew Goldstein
     Mr. Stuart Justin Robinson
     Mr. Eric J. Soskin
     Ms. Sharon Swingle